Chief Justice Robertson
delivered the Opinion of the Court.
In this case the jury, sworn to try the issue on an indictment for keeping a tippling house, for two weeks, under pretence of keeping a tavern, having returned a verdict of guilty — the court, being of the opinion, that the charge was not sufficiently specific to justify a conviction on either the statute of 1820 (2 St at. Law, 1501,) or that of 1831 (lb. 1382,) arrested the judgment; and that decision is the only question now presented for our consideration.
It was the policy of the Statute of 1820, supra, to prevent the perversion of tavern licenses, and the prostitution, under the semblance of legal sanction, of houses licenced for a lawful and useful business, to the demoralizing, and but too common, practice of tippling. And, to effectuate the end contemplated by that Statute, the third section denounces a penalty of two hundred dollars, for every three months during which any person shall, “ under pretence of keeping a tavern,” keep a tippling house: that is, as defined by the act itself, “ a house “ for the purpose of making a profit by selling whiskey, “ rum, brandy or any spirituous liquors, by the small, “ without providing the necessary accommodations for “ the entertainment and convenience of travellers, as “ required by law.”
The fourth section of an act of 1793(2 StaULaw, 1499,) denounces a penalty of ten dollars, for keeping a tippling house, “without a license first obtained as aforesaid,” that is, a license to keep a tavern as prescribed in the antecedent sections of the same statute; for neither that, or any other legislative enactment by this State, authorized the granting of a license to keep a tippling *71 house. The act of 1793 did not prescribe any penalty for keeping a tippling house under the cover of a license to keep a tavern. But experience having afterwards shown, that tippling houses, kept under the abused sanetion of licenses to keep taverns, had become extensively mischievous, the Legislature enacted the statute of 1820, for the single purpose of securing to the community the benefits of good and orderly taverns, and of therefore preventing the perversion of tavern licenses to the apparent sanction of such common nuisances, as such tippling houses had then been felt to be.
The penalty, by for heepbglftipt pling house, ‘unofkeepimia^'-em,-20o‘do1,^-j months — appnes only where the hence^'aT^nua<?®^ ^ not’ charge tlmt accused' was licensed to-keep a tavern, i^ad. Soako, II it fails to aver that the tippling- ^®®" months.
The penalty, by for keepingsftfpP,ins Il0use— $50, in addition t0 $i0, imposed by a previous act — applies to a house without aaJ must charge that th® r,10Use.waa tavern.
But unlicensed taverns are not very unusual; and, therefore, a person may, without a license for a tavern, keep a tippling house, u under pretence of keeping a tavern;” though, as such a practice is comparatively rare and harmless, and is unaggravated by the abuse of legal authority and of public confidence, it is not subjected to the heavy penalties denounced by the act of 1820.
Then it seems to us that an indictment on the third section of the act of 1820, should aver that the person charged with having kept a tippling house, «tinder pretence of keeping a tavern,” had 'been licensed to keep a ° tCWBVn*
The indictment in this case contains no such aver-T • . . ment. IN or does it aver, that the tippling house had been kept for three months — the shortest period for which the act of 1820 has provided any penalty.
We are, therefore, of the opinion, that the indictment cannot be maintained on the act of 1820.
The sixth section of the act of 1831, already referred to, declares, in effect, that a penalty of fifty dollars be superadded to the penalty imposed by pre-existent law, C l • . s , ,. tor keeping a tavern or a tippling house without a license to keep a tavern. As a tippling house is sometimes , .. .. i i , kept without a license to keep a tavern, and as the penalty for keeping such a tippling house is less than that of keeping a tippling house under the color of a licensed tavern, an indictment for the former offence, should aver, that the tippling house had been kept without any license to keep a tavern. For, though such a house as that described in the third section of the act of 1820, is *72 a tippling house, whether the keeper be licensed, or bo not licensed, to keep a tavern, yet, whether it is the one or the other kind of tippling house, or whether it be punishable under the one statute, or the other, cannot be inferred from merely calling it a tippling house.
charge the speshowing, 'by'V yerment, not by ly, what statute^ has been viola-'; mayappearwhat fncm-red*138^” mpra. Every indictm’t must identify
But it is said that, if the indictment in this case does not charge the keeping of a tippling.house under pretence of keeping a, licensed tavern, the import of the charge must necessarily be, that the keeping must have been without any license. Though this may be true, nevertheless, the indictment may not be good. It should identify and charge a specific offence prohibited one statute, or the other. The objection to it that it does not show which of the statutes has been violated, or what penalty has been incurred. And, in fact, it purports to be founded on the act of 1820, rather than on that of 1831.
Judgment affirmed.