## LEHRITTER v. THE STATE.

TEMPERANCE LAW OF 1859, 1873.—*License.*—*Penalties.*—Section 21 of the Temperance law of 1873 intends that persons who held a license under the law of 1859 should have a right to sell until such license expired, as if they had had a permit under the new law for such time, and that they should be subject to the penalties of the new law for any violation of its provisions.

SAME.—*Sale on Sunday.*—*License.*—*Evidence.*—On the trial of an indictment for selling liquor on Sunday, May 11th, 1873, the proof of a license under the act of 1859 was immaterial.

APPEAL from the Marion Criminal Court.

DOWNEY, J.—This is an indictment against the appellant, charging, in substance, that he did, on Sunday, the 11th day of May, 1873, at, etc., sell two gills of intoxicating liquor to Peter Goth, for ten cents, and suffer and permit the same to be drank in the building and upon the premises where sold. There was a motion to quash the indictment made and overruled, to which ruling the defendant excepted. Upon plea of not guilty, and a trial by the court, the defendant was found guilty. He moved for a new trial and in arrest of judgment, both of which motions were overruled, and he again excepted. There was final judgment against the defendant, from which he appealed, and has here assigned said rulings as errors.

The indictment does not differ from that in the case of *Lehritter* v. *The State, ante,* p. 383, in any essential particular, and under the ruling in that case, must be held sufficient.

On the trial of the cause, the defendant, according to a statement in the bill of exceptions, after the State had closed its evidence, gave in evidence "the license from the county of Marion, and State of Indiana, to sell intoxicating liquors in less quantity than a quart, in said county, dated January, 1873, running one year, the fact of which license was admitted by the State." The license is not set out in the bill of exceptions. We are of the opinion that the fact that the defendant held a license granted under the act of 1859 was entirely imma-

terial. It is provided in the twenty-first section of the act of 1873, that the law shall be in force from and after its passage, except in so far as relates to those who hold a license under the existing laws of the State, and that it shall apply to them after the expiration of such license. We think it was the intention of the legislature that such persons as held a license under the law of 1859 should have a right to sell until the expiration of the license, as if they had had a permit under the new law for such time, and that they should be subject to the penalties of the new law for any violation of its provisions. The license did not authorize a sale on Sunday.

The judgment is affirmed, with costs.

*B. F. Brown* and *W. P. Adkinson,* for appellant.

*R. P. Parker, H. Lee, J. B. Elam,* and *J. C. Denny,* Attorney General, for the State.