## HEDGES *v.* TITUS.

Liquor Law.—*Acts of* 1859 *and* 1873.—A person holding a license to sell intoxicating liquors under the act of 1859 was, after the taking effect of the act of February 27th, 1873, Acts 1873, p. 151, liable to prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated.

From the Boone Circuit Court.

*J. C. Denny*, Attorney General, for appellant.

*C. C. Galvin* and *C. S. Wesner*, for appellee.

DOWNEY, J.—The appellee, who held a license to vend intoxicating liquors under the act of 1859, was prosecuted for having, on the 10th day of March, 1873, sold intoxicating liquor to a person who was in the habit of getting intoxicated.

By obtaining a writ of *habeas corpus,* the appellee presented the question to the circuit court, whether he was liable to the provisions and penalties of the act of February 27th, 1873. Acts 1873, p. 151. The court decided that he was not, and he was accordingly discharged from custody and arrest.

In the case of *Lehritter* v. *The State,* 42 Ind. 482, the court said : "We think it was the intention of the legislature that such persons as held a license under the law of 1859 should have a right to sell until the expiration of the license, as if they had had a permit under the new law for such time, and that they should be subject to the penalties of the new law for any violation of its provisions." As the twentieth section of the act of February 27th, 1873, repealed all laws and parts of laws conflicting with that act, any other construction would have left no law in force imposing penalties on persons holding licenses under the act of 1859, during the time for which such licenses would run. This state of things could hardly have been intended by the legislature, and hence the construction put upon the last section of the act of 1873, in the case of *Lehritter* v. *The State.*

Following the ruling of the court in that case, we come to the conclusion that the court was in error in the ruling made in the case under consideration.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings in accordance with this opinion.