## CRONE v. THE STATE.

LIQUOR LAW.—*Indictment.*—An indictment under the act of February 27th, 1873, to regulate the sale of intoxicating liquors (Acts 1873, p. 151), alleging that the sale was made after the hour of nine o'clock P. M., need not aver that the defendant had a permit. Having a permit is no part of the offence, or description of the offence.

SAME.—*Statute Construed.*—Section 10 of said act creates no offence independent of that defined in section 1, and the two sections must be construed together.

From the Marion Criminal Circuit Court.

*W. W. Leathers,* for appellant.

*C. A. Buskirk,* Attorney General, *R. P. Parker,* Prosecuting Attorney, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

BIDDLE, J.—The appellant was indicted for violating the "act to regulate the sale of intoxicating liquors," etc., approved February 27th, 1873. Acts 1873, p. 151.

Section 1 enacts, " that it shall be unlawful for any person or persons, by himself or agent, to sell, barter, or give away for any purpose of gain, to any person whomsoever, any intoxicating liquors to be drunk in, upon, or about the building or premises where the liquor is sold, bartered, or given away, or in any room, building, or premises adjoining to or connected with the place where the liquor is sold, bartered, or given away for the purpose of gain, until such person or persons shall have obtained a permit therefor from the board of commissioners of the county where he resides, as hereinafter provided."

Section 10 enacts, that "a permit granted under this act shall not authorize the person so receiving it to sell intoxicating liquors on Sunday, nor upon the day of any state, county, township, or municipal election in the township, town, or city where the same may be held, nor upon Christmas day, nor upon the 4th of July, nor any Thanksgiving day, nor upon any public holiday, nor between 9 o'clock P. M. and 6 o'clock A. M.; and any and all sales made on any such day, or after 9 o'clock on any evening, are hereby declared to be unlawful, and upon conviction thereof the person so selling shall be fined not less than five dollars nor more than twenty-five dollars for each sale made in violation of this section."

Section 14 enacts the penalty incurred under section 1, which is "a fine of not less than ten dollars nor more than fifty dollars, or be imprisoned in the jail of the county not less than ten nor more than thirty days."

There is no other portion of the act which particularly affects the question before us.

Besides the formal parts of the indictment, the material charge in it is, that Jacob Crone on, etc.; at, etc., did unlawfully sell to Allen Short, for the purpose of gain, two gills of intoxicating liquor, at and for the price of ten cents, and did then and there suffer and permit the said liquor to be drunk in the building and upon the premises where the same was sold, the said liquor being then and there sold as aforesaid by him, the said Jacob Crone, after the hour of nine o'clock in the evening, and after the hour of nine o'clock P. M. of said day, contrary, etc.

There was a motion to quash the indictment overruled, plea of not guilty, trial by jury, conviction, fine ten dollars, motion for a new trial overruled, exception, judgment, and appeal.

The errors assigned are:

1. Overruling the motion to quash the indictment.
2. Overruling the motion for a new trial.

It is urged in support of the first error, that the indictment is founded on section 10, and therefore should aver that the appellant had a permit; that without such averment it could

not be ascertained, upon conviction, whether the appellant had incurred the penalty under section 10 or that under section 1; and that the record could not be pleaded in bar of a subsequent prosecution for the same offence.

We are of opinion that the indictment does not rest solely on section 10. This section creates no offence independent of that defined in section 1. The two sections must be construed together. A permit authorizes the sales described in section 1 on all days and in every hour of the day; section 10 limits the permit, so that it shall not authorize such sales on certain days therein excepted, nor within certain hours of the day. The sales prohibited by section 10 must be construed to mean such sales as are described in section 1, otherwise no commercial sale of intoxicating liquors, or for medical, chemical, or mechanical purposes, or for the use of the arts and sciences, could be made on the prohibited days, nor within the interdicted hours, nor after nine o'clock on any evening in any other day in the year. It is easy to see that this was not the intention of the legislature, for we cannot suppose that they would have prohibited, in terms, such sales on certain days in the year, and within certain hours in the night time, as mentioned in section 10, and leave such sales unprohibited on all other days and within the usual business hours throughout the remainder of the year. The act nowhere makes the mere sale of intoxicating liquors an offence. To be a subject of prosecution, the sale must be of a particular character, as a sale of the liquor to be drunk on the premises, to a minor, a person intoxicated, etc., and must be made an offence in terms by the act. A punishable offence must be clearly defined by statute; it cannot be created by construction.

It is also insisted upon that the indictment is invalid for want of an averment that the appellant had a permit. Having a permit is no part of the offence, nor description of the offence. If such an averment was made, it would not require proof, nor would it impose more, or excuse less evidence on the trial. It would not in any way change the legal effect of the indictment. But it is said that such an averment was

necessary for the purpose of ascertaining what penalty would be incurred under the indictment in case of a conviction. We see no difficulty here. The penalty prescribed under section 1 is not applicable to this indictment, because it does not allege that the sale was made without a permit; and the penalty prescribed in section 10 is applicable to this indictment, because it alleges the sale to have been made within the prohibited hours, which is not a violation of any other section in the act. Besides, the penalty incurred under an indictment is matter of law, and not of fact, which must be averred and proved. In support of these views, see *Lehritter* v. *The State,* 42 Ind. 383; *Lehritter* v. *The State,* 42 Ind. 482; *Landaner* v. *The State,* 42 Ind. 483; *Hulsman* v. *The State,* 42 Ind. 500; *Groesch* v. *The State,* 42 Ind. 547; *Ginz* v. *The State,* 44 Ind. 218; *Beardsley* v. *The State, ante,* p. 240.

As to the second error, we have read the evidence carefully, and are of the opinion that it would convince a fair-minded jury, beyond a reasonable doubt, that the defendant committed the offence charged against him in the indictment. In the case cited by the appellant, *Anderson* v. *The State,* 39 Ind. 553, " the evidence did not show that the person who sold the liquor was the agent of Anderson, or employed by him, or that Anderson had any knowledge of the sale." In this case, although the sale was made by a barkeeper, the evidence tends so strongly to show that the appellant had full knowledge of the transaction, and assented thereto, that a doubt of these facts would be light and frivolous.

The judgment is affirmed.

DOWNEY and BUSKIRK, JJ.—We concur in the judgment of affirmance in this case, but not in all the views expressed by our brother BIDDLE in his opinion. We have already, in several cases, stated our views as to the proper construction of section 10 of the act, and do not deem it necessary to repeat them here.

WORDEN, J.—The majority of the court not being entirely

harmonious in opinion as to the ground on which they conclude the judgment below should be affirmed, and not coming to that conclusion myself, I deem it proper to state the grounds of my dissent.

Passing by any other objections, the indictment, I think, is fatally defective in not alleging whether the defendant had or had not a permit to sell intoxicating liquors.

· The indictment, I think, must be regarded as based upon either the first or the tenth section of the statute, and not upon both of them combined, inasmuch as the penalties prescribed for the violation of each are different.

The first section of the act makes it unlawful to sell any intoxicating liquors to be drunk on or about the premises where sold, without having obtained a permit, as provided for. The penalty prescribed for a violation of this section is a fine of not less than ten nor more than fifty dollars, or imprisonment for not less than ten nor more than thirty days.

The tenth section provides, that a permit granted under the act shall not authorize the person receiving it to sell intoxicating liquors (amongst other times), between nine o'clock P. M. and six o'clock A. M., and declares all sales in contravention of that section unlawful. The penalty prescribed for a violation of the tenth section is a fine of not less than five, nor more than twenty-five dollars.

Thus, it is seen that for selling without a permit a party is subjected to a fine ranging from ten to fifty dollars, or imprisonment; while, for selling with a permit, but at the interdicted times, he is only subjected to a fine ranging from five to twenty-five dollars, but not imprisonment.

As the offences defined in the two sections are different, and the penalties prescribed for their violation different, the indictment ought to be so certain as to show on its face which one of the sections has been violated, and, therefore, what penalty has been incurred.

It is conceded, in the opinion of the majority of the court, that the penalty prescribed for the violation of the first sec-

tion is not applicable to the case made, because the indictment does not allege that the sale was made without a permit. But the court hold that the penalty prescribed for a violation of the tenth section is applicable. The court say, "Having a permit is no part of the offence nor description of the offence." I think differently. If the having a permit is not a part and descriptive of the offence defined by the tenth section, then a person is subjected to a less penalty for selling without a permit, after nine o'clock at night, or at the other times interdicted by that section, than he is for selling *generally* without a permit.

If the sale was made without a permit, the first section of the statute was violated, and the higher penalty incurred. If it was made with a permit, the tenth section, was violated, and the less penalty was incurred.

I see no reason for saying that the tenth section of the statute was violated, rather than the first.

The pleader, doubtless, by alleging the sale to have been made after nine o'clock at night, intended to frame his indictment upon the tenth section. But the facts charged, as has already been stated, are a violation of the first section, if the defendant had no permit. If he had a permit, they are a violation of the tenth section. One or the other of these sections was violated, but the indictment does not show which; and for that reason it is, in my opinion, fatally defective. *Commonwealth* v. *Macuboy*, 3 Dana, 70.

Upon a plea of guilty to this indictment, or upon conviction, the court cannot know judicially whether the defendant had or had not a permit; and therefore cannot know whether to inflict the penalty prescribed for a violation of the first, or that prescribed for a violation of the tenth section.

I close this opinion with an extract from Bishop Crim. Proced. vol. 1, sec. 506:

"The charge must contain such a description of the crime, that the defendant may know what crime he is called upon to answer; that the jury may appear to be warranted in their conclusion of guilty, or not guilty, upon the premises delivered to them; and that the court may see such

a definite crime that they may apply the punishment which the law prescribes."

Sec. 539. "Moreover, the public safety requires that whatever is to guide the court in pronouncing the judgment of the law shall distinctly appear in allegation. If it does not, no decision can be a precedent for another, and the law will cease to be a system of known authority, but the prejudices of the particular men who hold the office of judge, and not established rule, will determine the destinies of those who are accused of crime. Out of a beginning like this may even flow the swollen stream of a despotism which will sweep away all law."

For these reasons, I am of opinion that the motion to quash, which was made in the court below, should have been sustained.

PETTIT, C. J.—I concur in the above opinion of Judge WORDEN.