No. 9525.

JOHNSON *v.* THE STATE.

LIQUOR LAW.—*Sale to Minor.*—*License.*—*Indictment.*—In a prosecution for selling intoxicating liquor to a minor, under section 13 of the act regulating the sale of intoxicating liquor, 1 R. S. 1876, p. 872, it is wholly immaterial whether the defendant had or had not a license at the time of such sale, and therefore not necessary to aver in the indictment whether he had a license to sell or not.

SAME.—As to sufficiency of evidence to warrant conviction, see opinion.

From the Tippecanoe Circuit Court.

*J. F. McHugh*, for appellant.

*D. P. Baldwin*, Attorney General, and *G. W. Collins*, Prosecuting Attorney, for the State.

HOWK, C. J.—The indictment, in this case, charged, in substance, that the appellant and one Fred. Johnson, on the

1st day of November, 1880, at the county and State aforesaid, "did then and there unlawfully sell intoxicating liquor; in a less quantity than a quart at a time, to wit, two gills, to one John Wilson, at and for the price of five cents, he, the said John Wilson, being then and there a person under the age of twenty-one years."

A motion to quash the indictment having been overruled, and an exception saved to this ruling, each of the defendants, on arraignments, entered a plea that he was not guilty as charged in the indictment. By agreements of the parties, the cause was tried by the court, and a finding was made that the defendant Fred. Johnson was not guilty, but that the appellant, Sidney Johnson, was guilty as charged in the indictment, and assessing his punishment at a fine in the sum of ten dollars, and the costs of this prosecution. The appellant's motion for a new trial having been overruled, and his exception entered to this decision, the court rendered judgment against him on its finding.

Errors have been assigned by the appellant, in this court, which call in question the decisions of the circuit court in overruling his motion to quash the indictment, his motion for a new trial, and his motion in arrest of judgment.

The offence intended to be charged in the indictment, the substance of which we have given, is defined and its punishment prescribed in section 13 of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. This section 13 reads as follows:

"If any person shall sell, barter or give away, directly or indirectly, any spiritous, vinous or malt liquors, to any person under the age of twenty-one years, he shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars." 1 R. S. 1876, p. 872.

It is insisted by the appellant's counsel, that the indict-

ment in this case was bad, and ought to have been quashed, for the reason that it did not charge that the appellant either had or had not, at the time of the alleged illegal sale, a license under the statute to sell intoxicating liquors. It seems to us, however, that, under said section 13 above quoted, it was wholly immaterial whether the appellant had or had not such license, at the time of such sale. The offence consisted in the sale of intoxicating liquor to a person under the age of twenty-one years, and, in making such sale, the appellant violated the provisions of the statute, whether he had or had not a license to sell intoxicating liquors. The fact, if it were the fact, that the appellant had such a license at the time of the alleged sale, would not aggravate or palliate the offence charged; nor would the alternative fact, if such were the fact, that he had no such license, add to or diminish either the qualities of the offence or the extent of the penalty prescribed therefor. Whether, therefore, the appellant was licensed or not licensed, at the time of the alleged sale, he was liable, to prosecution, under the section quoted, for an unlawful sale of intoxicating liquor to a person under the age of twenty-one years; and the indictment having charged such a sale by retail, in a quantity less than a quart, it must be held, we think, on a motion to quash, to be *prima facie* sufficient. *Crone* v. *The State*, 49 Ind. 538 ; *Payne* v. *The State*, *post*, p. 203.

In our opinion, the court committed no error in overruling the appellant's motion to quash the indictment. *Meyer* v. *The State*, 50 Ind. 18.

The only causes for a new trial assigned by the appellant in his motion therefor were, that the finding of the court was not sustained by the evidence, and was contrary to law. The evidence consisted chiefly of the testimony of the youth named in the indictment. He testified, that the appellant and his brother kept a saloon and grocery store, in Tippecanoe county ; that he did not know either of them person-

ally; that he was nineteen years of age; that, at their place of business, he drank one glass of beer and paid five cents for it; that he thought he got the beer of the appellant; and he pointed out the appellant as the one who, he thought, sold him the beer, but could not say positively; and that the beer was intoxicating and less than a quart. This evidence was sufficient to satisfy the learned judge who tried the case, of the guilt of the appellant as charged, and he had facilities for determining the sufficiency of the evidence and its probable truth, which we are not possessed of. We can not disturb the finding on the evidence.

The judgment is affirmed, at the appellant's costs.