No. 8714.

THE STATE *v.* GOWGILL.

From the Wabash Circuit Court.

*D. P. Baldwin*, Attorney General, *M. Good*, Prosecuting Attorney, and *O. H. Bogue*, for the State.

*A. Hess*, for the appellee.

NIBLACK, J.—This was a prosecution against Andrew Gowgill, the appellee, for selling and giving intoxicating liquor to a minor. The indictment contained two counts.

---

The first charged a sale of a less quantity than a quart to one Oliver Myers, a person under the age of twenty-one years.

The second charged the appellee with having given a similar quantity of intoxicating liquor to the same person.

Upon the appellee's motion the indictment was quashed, and he was discharged. Error is assigned only upon the decision of the court quashing the indictment.

Neither count of the indictment alleged that the appellee was a person not licensed to sell intoxicating liquor in a less quantity than a quart at a time, and, as counsel inform us, it was for the want of such an allegation that the indictment was quashed. The omission of such an allegation constitutes the only objection urged in this court to the sufficiency of the indictment.

In the case of *The State* v. *Hamilton, ante*, p. 238, it was held that in a prosecution of this kind an averment that the defendant was not licensed to sell intoxicating liquor by retail was an immaterial averment; and, upon the authority of that case, the judgment in this case must be reversed. See, also, *Johnson* v. *The State*, 74 Ind. 197.

The judgment is reversed, with costs, and the cause remanded for further proceedings.