Nov. Term,
1846.

PLACE
*v.*
THE STATE.

</div>

---

PLACE *v.* THE STATE, on the Relation of PATTERSON.

The act respecting certain specific taxes (R. S. 1843, p. 235) authorizes the county treasurer, in vacation, &c., to determine the sum to be charged for a year for a license to retail spirituous liquors, to receive the amount, and give a receipt, &c.

The 175th section of that act applies only to the applications of brokers.

The 17th section of the act of 1841 (Acts of 1841, p. 42) was revised by the above-cited act of 1843 on the subject, and was consequently repealed by the general repealing act of 1843 (R. S. 1843, p. 1023).

ERROR to the *La Porte* Circuit Court.

BLACKFORD, J.—*Patterson,* the relator, filed an affidavit in the Circuit Court, stating that he had applied to the county treasurer of *La Porte* county, to determine the sum to be charged for a license for a year to retail spirituous liquors, &c.; that he offered to pay, &c., and demanded a receipt, &c.; that the defendant refused, &c. Upon that affidavit, a *mandamus* issued, requiring said treasurer, &c. The defendant made the following return to the writ: 1. That he was not authorized to receive a tax for a license to extend beyond the then next term of the commissioners' Court. 2. That the board of commissioners had previously, on a remonstrance, &c., ordered that no license to retail spirituous liquors, &c., should be granted, &c. The state demurred to both parts of the return, and the demurrer was sustained. The Court ordered a *peremptory mandamus* to issue.

The first part of the return is insufficient. The act respecting certain specific taxes authorizes the county treasurer, in vacation, &c., to determine the sum to be charged for a year for such license as aforesaid, to receive the amount, and give a receipt, &c., unless he is prohibited by the 175th section of that act. But that section, we think, applies only to the applications of brokers, and does not affect this case. R. S.

<div style="text-align: right;">

*Saturday,
January 9,
1847.*

</div>

1843, p. 237. The 17th section of the act of 1841 (Acts of 1841, p. 42), upon the proviso in which section, the second part of the return is founded, was revised by the above-cited act of 1843 on the subject, and was consequently repealed by the general repealing act of 1843. R. S. 1843, p. 1023.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Niles* and *A. L. Osborn*, for the plaintiff.

*J. W. Chapman*, for the defendant.