### THE STATE *v.* CRAIG and Others.

CRIMES—DEFINITION OF.—The statute of *May* 31, 1852, requiring that "crimes and misdemeanors shall be defined," could not trammel the future action of the legislature.

STATUTES.—When two statutes are inconsistent, the last will be held to be the law.

OBSTRUCTION OF HIGHWAYS.—The act of *June* 14, 1852, providing punishment for obstruction of highways, is sufficiently definite.

APPEAL from the *Jefferson* Common Pleas.

FRAZER, J.—Information for obstructing a public highway by building a fence across it. The information was quashed, and upon that action of the court below error is assigned.

The statute approved *June* 14, 1852, enacts that "any person who shall in any manner obstruct any public highway . . . shall be fined," etc. This statute seems to us definite enough to be easily understood, and the information makes a case within its provisions. The objections taken to the information—*first*, that the statute does not define the offense; *second*, that the information does not charge it—were not well taken. At any rate, the statute of *May* 31, 1852, requiring that "crimes and misdemeanors shall be defined," could not trammel the future action of the legislature. When two statutes are inconsistent, the last expression of the legislative will must be held to be the law. *Wall* v. *The State*, at this term.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to proceed in the cause.

*Oscar B. Hord*, Attorney General, for appellant.