## BURK *v.* THE STATE.

NUISANCE.—The statute making the erecting or maintaining of a public
  nuisance a misdemeanor sufficiently defines the offense.
JURY.—CHALLENGE.—A juror, when interrogated as to his competency, an-
  swered that he had formed an opinion as to the guilt of the defendant, if
  what he had heard was true.
*Held*, that the juror was not incompetent.

APPEAL from the *Marion* Criminal Circuit Court.

FRAZER, J.—This was an indictment for a public nuisance,
in maintaining a soap-boiling establishment near *Indianap-*

*olis*, thereby producing unwholesome smells, to the annoyance, of dwellers in the vicinity, &c. There was a conviction. Three questions are presented for our decision:

1. Is our statute making the maintenance of a nuisance a misdemeanor sufficient to justify an indictment therefor? The statute is as follows: "Every person who shall erect, or continue and maintain, any public nuisance, to the injury of any part of the citizens of this State, shall be fined," &c. 2 G. & H. 460.

It is argued that as offenses in this State are created exclusively by statute, and as we have an act requiring them to be defined by statute, (1 G. & H. 416,) the section above quoted is void, because it does not give the definition of a public nuisance. In *Wall* v. *The State*, 23 Ind. 150, we had occasion to consider whether the legislature, at one session, had any power to trammel a future session, as was supposed to be done by the enactment last referred to. It was held in the negative. But in any event, it would not avail the defendant in this case. There is no difficulty in understanding the section of the statute upon which this prosecution was founded. The phrase "public nuisance" had a very definite meaning in the law long before the statute was enacted. To annex a definition of each word employed in the section was certainly never within the purpose of the legislature. Such absurdity is not to be imputed to the law-making power. Was it then intended that in creating a crime, words having a comprehensive and exact legal meaning, embracing much in brief, must not be employed; that the virtue of such legislation should depend upon the vastness of its circumlocution? It is hardly conceivable that anything more was intended than that there should be no criminal prosecution in this State for any act, unless the legislature had first declared it a crime, in intelligible terms, and fixed the punishment therefor. In that sense, the enactment against public nuisances is consistent with it. It defines—*i. e.* marks out, with distinctness, a public nuisance as a crime.

2. Was it error to refuse a peremptory challenge of a juror, who answered that "he had formed an opinion as to the guilt of the defendant, if what he had heard was true?"

No authority is cited to support the challenge. The condition which the juror annexed was destructive of any opinion. It was equivalent to saying, "If the facts shall be as I have heard, then I have an opinion; if not, then I have none; and I have no opinion as to the truth of those facts." The juror had an opinion merely that certain facts would, if proved, be sufficient to establish guilt. We think that he was not shown to be incompetent.

3. The instructions to the jury are complained of as being indefinite, and well calculated to mislead the jury. We perceive no such objection to them. They declared the law upon the subject as it has been long and well settled.

The judgment is affirmed, with costs.

*F. Rand, R. Hall* and *A. Seidensticker,* for appellant.

*D. E. Williamson,* Attorney General, for the State.