THE STATE *v.* OSKINS and Others.

DISTURBING MEETINGS.—An information charging the defendants with disturbing a meeting, met as a singing school, by forcing their way into the house against the rules, and making a great noise by loud and boisterous talking, was held good.

CRIMES.—HOW DEFINED.—The act of *May* 31, 1852, requiring that crimes and misdemeanors shall be defined by statute, &c., is not binding as a rule of legislation.

APPEAL from the *Spencer* Common Pleas.

GREGORY, J.—Information against the appellees for molesting and disturbing a meeting of inhabitants of this State, met together for the purpose of holding a singing school. It is charged that the disturbance was occasioned by the defendants forcing their way into the house in which the school was being held, against the well known rules of the school, and making a great noise by talking loudly and boisterously. On the motion of the defendants, the court below quashed the information. The State appeals. To sustain this ruling it is urged that the statute on this subject does not define the offense.

By the act of *March* 3, 1859, (2 G. & H. 469), it is provided that "any person who shall molest or disturb any meeting of inhabitants of this State, met together for any lawful purpose, shall be fined," &c. The words used, "molest or disturb," have a well defined meaning. By the act of *May* 31, 1852, it is enacted that "crimes and misdemeanors shall be defined, and punishment therefor fixed, by statutes of this State, and not otherwise." 1 G. & H. 416. This statute is not a rule binding upon a subsequent legislature. The legislature of 1858–9 had quite as much power as that of 1851–2. If the act of 1859 is inconsistent with that of 1852, the former must stand and the latter fall. *The State* v. *Craig et al.*, 23 Ind. 185.

We are aware of the ruling in *Marvin* v. *The State*, 19 Ind. 181, cited to sustain the action of the court below.

That case, and those upon which it was founded, underwent review in *Wall* v. *The State*, 23 Ind. 150, and it was then said: "Upon careful consideration, we are of opinion that these cases are not good law, as applicable to the question now in hand. That the legislature cannot, in such a matter, impose limits or restrictions upon its own future action, and that when two statutes are inconsistent, the last enactment stands as the law, are very plain propositions, which, we presume, will never be controverted." We think the information is good, and that the court below erred in sustaining the motion to quash.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the motion to quash, and for further proceedings.

*S. B. Hatfield* and *D. E. Williamson*, Attorney General, for the State.

*J. W. Laird* and *R. S. Hicks*, for appellees.