MORRIS v. THE STATE.

LIQUOR LAW.—*Act of 1873, Secs. 1 and 10 Construed.—Sale of Liquor on Sunday.—Sale of Liquor to be Drunk on Premises.—Indictment.*—By the first section of the act of February 27th, 1873 (Acts 1873, p. 151), it is made unlawful for any person, etc., to sell, etc., any intoxicating liquor to be drunk in, upon, or about the building or premises where sold, etc., until such person

shall have obtained a permit therefor, as in the act provided. By section 10 of said act it is declared, that the permit granted under the act shall not authorize the person receiving it to sell intoxicating liquor on Sunday, or at certain other times, and that any and all sales made on any such day, etc., are unlawful, and that upon conviction a fine shall be imposed on the person selling on said days, etc.

*Held,* that said section 10 is a limitation as to the times when sales shall be made of intoxicating liquor to be drunk in, upon, or about the building or premises where sold; and that an indictment for selling intoxicating liquor on Sunday was bad, which did not charge that the sale was of liquor to be drunk in, upon, or about the building or premises.

*Held,* also, that said section 10 only prohibits sales of intoxicating liquor under a permit granted under said act, or otherwise, during the times therein specified; and that it does not make any sale unlawful which could be lawfully made at any other time without the permit.

SAME.—*Sec. 21 of Act of* 1873.—*Licenses Under Act of* 1859.—Section 21 of said act authorizes the holders of licenses issued under the act of 1859, to continue to sell under such licenses until their expiration, subject, however, to the provisions and penalties of the act of 1873 affecting the holders of permits granted under it.

SAME.—*Quantity Sold.*—Under the said act of February 27th, 1873, the offence consists in selling intoxicating liquor to be drunk on the premises (except in cases of sales to certain persons), and the quantity sold is not material, and need not be stated in an indictment to have been of a less quantity than a quart.

SAME.—DOWNEY, J., and BUSKIRK, C. J., dissenting, *held,* that by said tenth section all sales, not by wholesale, within the meaning of the act, on the days and between the times therein mentioned, are prohibited, whether the person selling have a permit or not, and whether the liquor be sold to be drunk at the place where sold or not.

From the Marion Criminal Circuit court.

*Ryman, Pringle & Mattler,* for appellant.

*J. C. Denny,* Attorney General, *R. P. Parker,* Prosecuting Attorney, and *J. M. Cropsey,* Prosecuting Attorney, for the State.

OSBORN, J.—The appellant was indicted for selling intoxicating liquor on Sunday. The indictment was returned by the grand jury on the 13th of March, 1873.

The first count charges, that on the 2d day of March, 1873, at and in the county of Marion, the appellant unlawfully sold to one Charles Farnum two gills of intoxicating liquor for ten cents, he being then and there licensed, under the act

of March, 1859, to sell intoxicating liquor in a less quantity than a quart at a time; and the said 2d day of March, 1873, being the first day of the week, called Sunday.

The second count is like the first, except that it charges that the appellant did not have a permit or license to sell intoxicating liquor in a less quantity than a quart at a time.

Motions to quash the whole indictment, and each count thereof, were made and overruled in the order stated, and exceptions taken. Not guilty was pleaded, and the cause was tried by the court, who found the appellant guilty, and assessed his fine at ten dollars, and, over a motion for a new trial, rendered judgment on the finding.

The errors assigned call in question the rulings of the court.

By the first section of the act of February 27th, 1873 (Acts of 1873, p. 151), it is made unlawful for any person, by himself or agent, to sell, barter, or give away, for any purpose of gain, to any person whomsoever, any intoxicating liquor, to be drunk in, upon, or about the building or premises where the liquor is sold, bartered, or given away, or in any room, building, or premises adjoining to or connected with the place where the liquor is sold, bartered, or given away for the purpose of gain, until such person or persons shall have obtained a permit therefor from the board of commissioners of the county where he resides, as thereinafter provided.

The tenth section provides, that a permit granted under the act shall not authorize the person so receiving it to sell intoxicating liquor on Sunday, nor upon the day of any state, county, township, or municipal election, in the township, town, or city where the same may be held; nor upon Christmas day, nor upon the Fourth of July, nor upon any Thanksgiving day, nor upon any public holiday; nor between nine o'clock P. M. and six o'clock A. M.; and all sales made on any such days, or after nine o'clock on any evening, are declared to be unlawful; and, upon conviction thereof, the person so selling shall be fined not less than five

nor more than twenty-five dollars, for each sale made in violation of that section.

The act of February 27th, 1873, *supra*, was intended by the General Assembly to take the place of and supersede all laws then in force regulating the sale of intoxicating liquor, and imposing penalties for violations thereof. *Place* v. *The State*, 8 Blackf. 319; *The President, etc.*, v. *Bradshaw*, 6 Ind. 146.

The exception in section 21, in relation to the holders of licenses, although its language is quite general, was not intended to, and does not have the effect of exempting them from the law or its penalties. Its purpose and effect is to authorize them to continue to sell under such licenses until their expiration, subject to the provisions of the act affecting holders of permits granted under it. It does not exempt such persons from the operation of that act, or leave them subject to prior ones. It did not suspend the operation of the law as to them. *Lehritter* v. *The State*, 42 Ind. 482.

If the indictment is sustained, it must be under section 10, referred to. It does not aver that the liquor was sold to be drunk, or that it was drunk, in, upon, or about the premises where it was sold. It charges that the sale was on Sunday, and in a less quantity than a quart at a time, and is silent as to the place where it was to be drunk, or for what purpose it was sold. It is based upon the theory, that every sale on Sunday is in violation of law, and punishable as such, without regard to the purpose of the sale.

The first section makes it unlawful to sell intoxicating liquor to be drunk on the premises where sold, without a permit.

The second, third, fourth, and fifth sections provide for obtaining the permit, and that it shall authorize the person to whom it is granted to sell for one year.

Section 10 is but a limitation of the privilege conferred by the permit. Its language is: "A permit granted under this act shall not authorize the person so receiving it to sell intoxicating liquors on Sunday," etc. Then follows the pro-

vision, " and any and all sales made on any such day    *    *
are hereby declared unlawful," etc.   The expression " any
and all sales," taken by itself, is broad enough to include all
sales of intoxicating liquor, without reference to the place
where it is to be drunk.   But taken in connection with the
whole section, we think it refers to sales which the permit
would authorize, without the limitation specified in that sec-
tion.   The only sales, which the first section declared unlaw-
ful without a permit, were those where the liquor was sold to
be drank on the premises.   We think section 10 relates to
the same sales.   It is true, that if we take the terms of the
section in their literal sense, every sale of intoxicating liquor
on Sunday, or any election day, or on Christmas day,
Thanksgiving day, or any holiday, or on any evening after
nine, o'clock, is unlawful; and any person selling on these
days, or after nine o'clock at night, would be subject to the
penalties prescribed in the section.   Under such a construc-
tion of the law, a sale by wholesale, and for shipment during
any of the prohibited times, would be in violation of the
law.  The same language which makes it unlawful to sell a gill
on Sunday, or on an election day or holiday, makes it equally
unlawful to sell a barrel or car load after nine o'clock at
night.

Under the present law, the quantity sold is not material.
It differs in this respect from the act of 1859 and prior acts
on the same subject.   It had been the policy of the State to
make it unlawful to sell in quantities less than a quart at a
time, or in any quantity to be drunk on the premises, with-
out a license.  By the act of 1873, under which the indictment
in this case was found, the quantity sold is no longer mate-
rial.   The offence consists in selling the liquor to be drunk
on the premises, except in cases of sales to certain persons,
unless the tenth section makes all sales unlawful during the
times mentioned therein.   We do not think that section
should be so construed.

A permit to sell intoxicating liquor is a permit to estab-
lish and maintain a tippling or public drinking house.  With-

out it, a sale of a gill, or any other quantity, may be lawfully made, if the liquor sold is not to be drunk on the premises where sold.   If the provisions of section 10 were not in the law, the person receiving the permit would be authorized to sell under it every day, and at all hours of the day and night, unless restrained by some other law.   The General Assembly, however, considered that the public interest required a limitation of the privilege, and that tippling, under the permit, should not be allowed on Sunday and the other days mentioned, when the regular vocations of the people would be suspended, and at late hours of the night.   Hence the provisions of the section making the limitation, and prohibiting sales on those days.   The first part gives character to and indicates the purpose of the section.   The section first prohibits sales under the permit at certain times, and then makes all such sales unlawful, and prescribes penalties for its violation.

We need not consider what effect the quantity sold would have, as evidence tending to sustain an allegation in an indictment that the liquor was sold to be drunk on the premises.   Nor need we consider whether the allegations are sufficient to sustain the indictment, under the act for the protection of the Sabbath, as it is not pretended that it is good under that act.

What we hold is, that section 10 of the act of February 27th, 1873, *supra*, only prohibits sales of intoxicating liquor under a permit granted under that act, or otherwise, during the times therein specified ; and that it does not make any sale unlawful which could be lawfully made at any other time without the permit.

The judgment of the said Marion Criminal Circuit Court is reversed.   The cause is remanded, with instructions to that court to sustain the motion to quash the said indictment.

DOWNEY, J., and BUSKIRK, C. J.—We dissent from so much of the foregoing opinion as holds that sales of intoxicating liquors on Sundays, on the day of any state, county, town-

ship, or municipal election, on Christmas day, on the Fourth of July, on Thanksgiving day, or between nine o'clock P. M., and six o'clock A. M., except when sold to be drunk at the place where sold, are not prohibited by the tenth section of the act in question.

We do not think the tenth section has, or was designed to have, any relation to the selling of liquors by wholesale; nor do we think that any argument can properly be drawn from any supposed operation of the section upon the trade by wholesale. We think it was the intention of the legislature to prohibit any sales within the meaning of the act on the days and at the times mentioned, whether the person selling had a permit or not, and whether the liquor was to be drunk at the place where sold or not. The section not only declares that a permit shall not authorize sales on the days and times mentioned, but it declares that " any and all sales made on any such day, or after nine o'clock on any evening, are hereby declared to be unlawful, and upon conviction thereof, the person so selling shall be fined not less than five dollars nor more than twenty-five dollars for each sale made in violation of this section."

It is stated in the foregoing opinion, that this part of the section, " taken by itself is broad enough to include all sales of intoxicating liquors, without reference to the place where it is to be drunk." " But," it is said, " taken in connection with the whole section, we think it refers to sales which the permit would authorize without the limitation specified in that section." We find nothing in the preceding part of the tenth section which we can regard as restraining the general words in the latter part, which we have quoted, and which the majority of the court concede to be broad enough to comprehend sales without reference to the place where the liquor is drunk.

It would have been inconsistent for the legislature to have made all sales on the days and at the times mentioned in the tenth section punishable, had it not said that a permit granted under the act should not authorize a sale on such

days and at such times. To declare that a permit should not authorize the person holding it to sell on such days and at such times, was a proper, if not an essential declaration, preliminary to the part of the section declaring all such sales unlawful and punishable.

There is another consideration, which is quite influential in bringing us to the conclusion at which we have arrived, and that is, that in the view of the question taken by the majority of the court, the penal part of the tenth section was entirely unnecessary. It was only necessary that the privilege of selling on the days and at the times named, by authority of the permit, should be taken away, in order to render the persons holding such permits liable for selling, and punishable as if they had never had a permit.

By the first section, it is made unlawful to sell intoxicating liquors to be drunk in, etc., without a permit, during every day and every hour of the year. But persons having a permit may thus sell at all times, except on the days and at the times mentioned in the tenth section. During this excepted time, the permit shall not authorize them to sell, and if they do sell, they sell without any right do so from the permit, and are liable to the penalties inflicted on those who sell without a permit. One who sells without a permit is liable to a fine of not less than ten nor more than fifty dollars.

The penal part of section 10, which, as we think, applies to all sales on the days and at the times mentioned, declares that the penalty shall be not less than five nor more than twenty-five dollars.

It has been the policy of the legislature to prohibit the sale of intoxicating liquors, by retail, on certain days when its sale and use would lead to disorder and breaches of the peace.

The eighth section of the act of March 5th, 1859, declared that a license granted under the provisions of that act should not authorize the person so licensed to sell or barter, etc., on Sunday, nor on the day of any state, county, township, or municipal election, etc. The act in question extends the

prohibition to other days and times. What was the purpose of the act? Was it simply to prohibit sales of liquor on those days, to be drunk at the place where sold? Will this remedy the mischief which the provision was intended to prevent? Will the Sabbath be less liable to desecration by the drinking of the liquor at a place other than that at which it is sold, rather than at the place of its sale? Will the peace and quiet of the holidays mentioned be any better preserved by requiring the liquor to be drunk at some other place than that at which it is sold? Will the scenes of violence and bloodshed be less liable to occur during the dark hours of the night, because the liquor cannot be legally drank at the place where it is purchased? Will the sobriety and quiet so essential to the proper exercise of the elective franchise be likely to be preserved and promoted by the prohibition of the sale of liquor to be drunk at the place where it is sold, and leaving parties free to sell it to be drunk anywhere else? Will it conform to the will of the legislature, as expressed in this act, to construe it so that any one, whether he have a permit or not, can sell liquor on Sunday, and on any of the other days, or at any time prohibited in the tenth section, provided he does not allow it to be drunk at the place where sold? We think not, and hence we have felt constrained to dissent from the opinion and judgment of the majority of the court.

Petition for a rehearing overruled.