Beardsley *v.* The State.

---

BEARDSLEY *v.* THE STATE.

CRIMINAL LAW.—*Sale of Intoxicating Liquor on Sunday.—Statute of* 1873.—Section 10 of the act in reference to the sale of intoxicating liquors, Acts 1873, Regular Session, p. 151, created no offence. It simply limited the license to sell under a permit granted under section 1, by excepting from its protection all sales made on Sunday and on other days and times mentioned in said section. (DOWNEY, J., and BUSKIRK, C. J., dissented.)

From the Elkhart Circuit Court.

*R. M. Johnson* and *J. D. Osborn,* for appellant.

*C. A. Buskirk,* Attorney General, *W. C. Glasgow,* Prosecuting Attorney, *J. A. Simmons,* and *J. M. Vanfleet,* for the State.

BIDDLE, J.—This is a prosecution, by affidavit and information, for selling intoxicating liquor on Sunday, founded on the tenth section of the act approved February 27th, 1873, Acts of the Regular Session 1873, p. 151.

Motion to quash overruled, exception, and appeal.

We are of opinion that section 10 creates no offence whatever. It simply limits the license to sell under a permit granted according to section 1, by excepting from its protection all sales made on Sunday, on the day of any state, county, township, or municipal election, in the township, town, or city, wherein the same may be held, and on Christmas day, the Fourth of July, Thanksgiving day, or on any public holiday, and between the hours of nine o'clock P. M. and six o'clock A. M. on all days.

Any other construction of section 10 would compel us to hold all sales of intoxicating liquors made on the prohibited days, or within the interdicted hours, to be criminal. Such a conclusion would make sales for the most innocent and useful purposes, as for medical, chemical, or mechanical uses, and even the sale of wine for sacramental purposes, unlawful, and subject the vendor to a criminal prosecution. We cannot conclude that the legislature had any such intention in view in enacting the law. If such had been the intention, it would be quite useless to prohibit such sales on certain days, and within certain hours of the day, and leave them unprohibited all the rest of the year. The sales mentioned in section 10 must be held to mean such sales as are prohibited by section 1, where the liquor is to be drunk on the premises, and which a permit will not justify.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion to quash the affidavit and information.

DOWNEY, J.—I do not assent to the opinion of the majority of the court in this case, pronounced by my brother BIDDLE. As the law upon which the case is predicated is repealed,

Beardsley *v.* The State.

the proper decision of the question is of less importance than it would be if the law was yet in force. But, notwithstanding this, I am unwilling to allow the case to be decided on the ground upon which it is placed, without an expression of my views.

The position of the majority of the court is, "that section 10 creates no offence whatever. It simply limits the license to sell under a permit granted according to section 1, by excepting from its protection all sales made on Sunday," etc. It is said, that "any other construction of section 10 would compel us to hold all sales of intoxicating liquors made on the prohibited days, or within the interdicted hours, to be criminal;" and fears are expressed that such a construction would make sales for the most innocent and useful purposes, as for medical, chemical, or mechanical uses, and even the sale of wine for sacramental purposes, unlawful, and subject the vendor to criminal prosecution. Let us see what the sections of the act bearing on the question are.

The first section of the act reads as follows: "Be it enacted," etc., "that it shall be unlawful for any person or persons, by himself or agent, to sell, barter, or give away for any purpose of gain, to any person whomsoever, any intoxicating liquors to be drunk in, upon, or about the building or premises where the liquor is sold, bartered, or given away, or in any room, building, or premises adjoining to or connected with the place where the liquor is sold, bartered, or given away for the purpose of gain, until such person or persons shall have obtained a permit therefor from the board of commissioners of the county where he resides, as hereinafter provided." Acts 1873, p. 151.

By the fourteenth section, the punishment for a violation of the first section is a fine of not less than ten dollars nor more than fifty dollars, or imprisonment in the county jail not less than ten nor more than thirty days. Acts 1873, p. 156.

The tenth section of the act reads as follows: "A permit granted under this act shall not authorize the person so receiving it to sell intoxicating liquors on Sunday, nor upon the

·day of any state, county, township, or municipal election, in the township, town or city where the same may be held ; nor upon Christmas day, nor upon the Fourth of July, nor upon any Thanksgiving day,nor upon any public holiday, nor between nine o'clock P. M. and six o'clock A. M. ; and any and all sales made on any such day, or after nine o'clock on any evening, are hereby declared to be unlawful, and upon conviction thereof, the person so selling shall be fined not less than five dollars nor more than twenty-five dollars for each sale made in violation of this section." Acts 1873, p. 154.

I concede that the tenth section "limits the license to sell under a permit granted according to section 1, by excepting from its protection all sales made on Sunday," etc., but I do not concede that this is the only operation or effect of section 10. After having performed this office, the section proceeds to say : "And any and all sales made on any such day, or after nine o'clock on any evening, are hereby declared to be unlawful, and upon conviction thereof, the person so selling shall be fined not less than five dollars nor more than twenty-five dollars for each sale made in violation of this section."

The language is, " are hereby declared to be unlawful ;" not made unlawful by some other section or act, but " hereby."

How can it be held that this section merely limits the license to sell under the permit, by excepting from its protection sales made on Sunday, etc.? It declares " any and all sales made on any such day," etc., " unlawful," and inflicts a penalty different from that inflicted for a violation of the first section, " for each sale made in violation of this section ;" not for sales in violation of the first section, but for sales made in violation of " this section "—the tenth section.

The construction, that section 10 relates only to sales made by persons holding permits and of liquors to be drunk at the place where sold, can never secure my concurrence.

Section 10, by language as strong as words can express it, applies to " any and all sales." The language is the assertion of a universal affirmative, and must include all, or all reasoning must be at fault. All sales made on Sunday are unlawful.

Douglass S. Beardsley made a sale on Sunday. Does it not necessarily follow, that the sale made by Douglass S. Beardsley was illegal?

The majority of the court seem to suppose that all those who sell without having a permit so to do must be indicted under the first section, for selling without a permit. Let us suppose that Douglass S. Beardsley had been indicted in this case for selling on Sunday without a permit, what would have been the attitude of the State in the prosecution? It would have been prosecuting him for doing an act without a permit, when there was no person or power in existence which could have given him a permit to do the act; for it is expressly declared in section 10, that no permit shall confer upon him that right.

The tenth section, in my judgment, prohibits all sales on the days and at the times therein mentioned, which come within the spirit of the act.

The information in this case does not allege that the defendant had no permit, and this shows conclusively that the prosecution is not based upon, and cannot be sustained on, the first section for selling without a permit. But, if our view is correct, the information can be sustained under the tenth section, because, under that section, it is immaterial whether the defendant had a permit or not.

The apprehensions of the majority of the court, that any other construction of the tenth section than that adopted by them would require us to punish those who might sell intoxicating liquors for medical, chemical, or mechanical purposes, or wine for sacramental purposes, are surely without any foundation. So, we think, are the fears sometimes expressed that some one might be punished, under the tenth section, for selling by wholesale.

It never has been held, under any law of this State relating to the retailing of liquors, that the law should be held applicable to sales honestly made for medical, chemical, or mechanical purposes, or to vending by wholesale, and, I presume, never will be so held, unless a law shall be passed different

from any that has heretofore come before the court for construction. A plain reason for this is, that such sales do not come within the spirit and meaning of the statute. The mischief to be suppressed is not the sale of liquors for such uses, or by wholesale.

It has several times been held by this court, that where there was no exception of sales for medical purposes, etc., contained in the statute, still such sales were not criminal. *Donnell* v. *The State*, 2 Ind. 658; *Thomasson* v. *The State*, 15 Ind. 449; *Jakes* v. *The State*, 42 Ind. 473.

In the case of *Thomasson* v. *The State*, *supra*, the court said: "It is objected that no· exceptions are made, in the law, of sales for medicinal or sacramental purposes;" and, in disposing of the question, said : "The court will make the exceptions where proper."

For further views on the tenth section, see the dissenting opinion in *Morris* v. *The State*, 47 Ind. 503.

In my opinion, the affidavit and information in the case under consideration are sufficient.

BUSKIRK, C. J.—I concur in the above opinion.