## THE STATE *v.* ZIMMERMAN ET AL.

CRIMINAL LAW.—*Disturbing Lawful Meeting.*—*Pleading.*—In a prosecution under the act of November 30th 1865 (3 Ind. Stat. 257), for molesting or disturbing a meeting other than those for the purposes specifically named in said act, the affidavit, information, or indictment should aver that it was a meeting for a lawful purpose; and an affidavit which

described the meeting as "a certain collection of divers inhabitants of the State of Indiana, met together as a singing-school," was bad on motion to quash.

From the Allen Criminal Circuit Court.

*C. A. Buskirk*, Attorney General, *S. M. Hench*, Prosecuting Attorney, and *R. D. Doyle*, for the State.

*J. Q. Stratton* and *R. Stratton*, for appellees.

DOWNEY, J. — The affidavit in this case charges, "that Samuel Zimmerman, Samuel Disler, Lewis Jacoby, Washington Shirley, John Shirley and Albert Bund did, on the 30th day of December, A. D. 1874, at the county of Allen, and State of Indiana, unlawfully interrupt, molest and disturb a certain collection of divers inhabitants of the State of Indiana, met together as a singing-school, by then and there unlawfully forcing their way into the house, against the rules of said singing-school, and making a noise by loud and unnecessary talking, contrary to the form of the statute," etc.

The prosecution was commenced before a justice of the peace, where the defendants were convicted. But, on appeal to the criminal court, the affidavit was quashed, and the question was properly reserved by the prosecuting attorney.

The prosecution was founded on the act approved November 30th, 1865, 3 Ind. Stat. 257. It provides, "that if any person shall * * * * by any loud and unnecessary talking or hollowing, or by any threatening, abusive, profane, or obscene language or violent actions, or by any other rude behavior, interrupt, molest or disturb such religious meeting or agricultural fair or exhibition, or any person present thereat, or going to or returning therefrom, or who shall in like manner molest or disturb any meeting of inhabitants of this State, met together for any lawful purpose, shall be fined," etc.

It will be observed that the statute provides specially for the cases of disturbing religious meetings and agricultural fairs or exhibitions. These assemblages are specially desig-

nated, and as to them there is no question as to their being lawful.    But how is it as to singing-schools?    Are the courts to take it for granted that singing-schools are meetings of inhabitants of this State for a lawful purpose?

It is urged by counsel for appellees, that to allege that the inhabitants were met for the purpose of' holding a singing-school does not import that they were met for a lawful pur-pose, for, as they allege, a singing-school may be in many ways an unlawful meeting.   It may, they urge, be riotous, indecent, and met for the purpose of singing bawdy songs, etc.    Reference is made to *The State* v. *Oskins,* 28 Ind. 364. The information in that case would seem to have been liable to the objection urged against the affidavit in this case, and yet it was held good.    The objection made to the affidavit in this case was not made to the information in that case. That case cannot, therefore, be regarded as an authority here.   We have examined the question involved with some care, and while we do not intend any reflection on singing-schools, we have come to the conclusion that when the pros-ecution is for disturbing a meeting other than those for the purposes specifically named, the affidavit, information, or indictment should aver that it was a meeting for a lawful purpose.    It is possible that a singing-school, with refer-ence to the time or place or manner of holding and conduct-ing the same, might not be a meeting for a lawful purpose. We think that rules of correct pleading require the omitted allegation.    Whether the allegation of the particular charac-ter or purpose of the meeting could be omitted without ren-dering the pleading bad, we need not inquire, for the reason that the affidavit in this case contains such allegation.

The judgment is affirmed.