Hartford v. The State.

---

No. 11,516.

HARTFORD v. THE STATE.

CRIMINAL LAW.—*Libel.*—*Statute Valid.*—Section 1925, R. S. 1881, providing punishment for publishing libels, is valid.

SAME.—A statute providing for the punishment of an offence is valid though it do not define the meaning of the words employed in describing the offence.

SAME.—The word "libel," as used in section 1925, R. S. 1881, must be taken in its common law sense, which is well expressed by section 1, Acts 1879, p. 154.

SAME.—*County School Superintendent.*—*Bribery.*—A newspaper publication, charging that a county superintendent of schools, for a consideration in money, had, by the use of his influence, induced the county board of education to order a change in school books, is a libel in the sense of the statute.

SAME.—A publication may be libellous which does not impute a crime.

SAME.—*Evidence.*—*Impeachment of Witness.*—Publications by a witness upon the subject to which his testimony relates are admissible in evidence to impeach his testimony.

SAME.—*Evidence.*—*Mitigation.*—It may be shown in mitigation of punishment, in a criminal prosecution for libel, that the libel was provoked by a libel upon the defendant published shortly before by the prosecuting witness.

SAME.—*Evidence.*—*Witness.*—*Instructions.*—*Weighing Evidence.*—*Jury.*—The law does not require the jury, in weighing the evidence of a witness in a criminal case, to consider the fact that the witness is the defendant on trial, and it is error so to instruct.

SAME.—The testimony of a witness found by the jury to be true must be believed and acted upon, and it is error to instruct that it is only entitled to the same weight as that of other witnesses.

From the Switzerland Circuit Court.

*A. C. Downey, W. R. Johnson* and *F. M. Griffith,* for appellant.

*F. T. Hord,* Attorney General, and *E. G. Hay,* Prosecuting Attorney, for the State.

HAMMOND, J.—Indictment in two counts for libel. The appellant's motion to quash was sustained as to the first, and overruled as to the second count. Plea, not guilty; trial by jury; verdict of guilty, and fine of ten dollars; motion for a new trial overruled, and judgment on the verdict.

The indictment is predicated upon section 24 of "An act concerning public offences and their punishment," approved April 14th, 1881, reading as follows: "Whoever makes, composes, dictates, prints or writes a libel to be published, or procures the same to be done, and whoever publishes, or knowingly aids in publishing or communicating a libel, is guilty of libel, and shall, upon conviction thereof, be fined not more than one thousand dollars nor less than five dollars, to which may be added imprisonment in the county jail, for not more than one year nor less than ten days." Acts 1881, p. 177, section 1925, R. S. 1881.

It will be observed that the above statute does not define a libel. Section 237, R. S. 1881, which has been upon our statute books as in force since May 6th, 1853, declares that "Crimes and misdemeanors shall be defined, and punishment therefor fixed by statutes of this State, and not otherwise."

But, for the past twenty years, the decisions of this court have been uniform that the above statute could not bind subsequent legislation, and that it is competent for the Legislature to prescribe penalties for the commission of an offence without defining it. *Wall* v. *State*, 23 Ind. 150; *State* v. *Craig*, 23 Ind. 185; *State* v. *Oskins*, 28 Ind. 364; *Burk* v. *State*, 27 Ind. 430; *Hood* v. *State*, 56 Ind. 263; *Sanders* v. *State*, 85 Ind. 318 (44 Am. R. 29).

Section 1 of an act approved March 15th, 1879, Acts 1879, p. 154, defined libel as follows: " That any false and defamatory printing, writing, sign, picture, representation or effigy, tending to expose any person to public hatred or ridicule, deprive him of the benefits of public confidence, or social intercourse, or designed to blacken and vilify the memory of a deceased person, and tending to scandalize and disgrace his relations and friends, shall be deemed a libel." This section was probably repealed by the criminal code of 1881, but as its definition of libel embraces all the substantial elements of the offence as recognized by the common law, it may, for convenience, be recurred to as affording a simple and satisfactory description of the constituent parts of the crime. 4 Blackst. Com. 150; 2 Bishop Crim. Law, sections 907–8; 2 Whart. Crim. Law, section 2535.

The prosecuting witness in this case was the county superintendent of schools in Switzerland county. At a meeting of the county board of education, presided over by the prosecuting witness, a change of certain text-books was made to the advantage, or supposed advantage, of a publishing house in Cincinnati. The appellant published in a newspaper in said county, over his own signature, an article entitled "A true statement of the facts," the substance of which was that an agent of the publishing house referred to had employed the appellant and the prosecuting witness to procure the change of the text-books by their influence before the board of education; that they used their influence, with success in this matter, and that for so doing they received from the agent of

the publishing house $125, which was paid by the agent to the appellant, and by him divided with the prosecuting witness. A copy of the publication was set out in each count of the indictment. The second count alleges that the appellant charged in such publication that the prosecuting witness was bribed by the agent of the publishing house and by the appellant in the matter of the change of text-books. It is claimed that there is a variance between the publication and the averments in the indictment as to the charges made in the publication, but in this we think the appellant's counsel are in error. The charges made against the appellant in the indictment are, in all substantial respects, sustained by the publication in question. The surname alone of the prosecuting witness appears in the article complained of, but the indictment charges that it was published of and concerning such witness. This was sufficient to show that the charges made in the publication related to the county superintendent, whose full name is set out in the indictment as being the person injuriously affected by the alleged libel.

The publication in question was clearly libellous. Whether it charged the prosecuting witness with a crime need not be decided. It imputed to him official corruption, and this, if believed, would certainly degrade him in the estimation of the public. A publication may be libellous without charging the commission of crime. *State* v. *DeLong*, 88 Ind. 312; *Johnson* v. *Stebbins*, 5 Ind. 364. There was no error in overruling the motion to quash the second count of the indictment.

The prosecuting witness, who testified in the case, had, as he admitted, published articles in a newspaper in reference to what occurred in regard to the exchange of text-books. There were three of these articles. One was published the week before, one on the same day of, and the other a week after, the publication made by the appellant. These articles were offered in evidence by the appellant, but, upon objection by the State, they were not admitted. It is claimed that there was a discrepancy between some of the statements made in these

publications and the evidence of the prosecuting witness at the trial. Whether there was or not such contradiction we express no opinion, but as the articles related to the same facts testified to by the prosecuting witness, the appellant, we think, had the right to put these articles in evidence, leaving the jury to determine whether there were any contradictions that in any way affected the credibility of the witness. The first article reflected severely upon the appellant, charging him with falsehood in circulating reports injurious to the county superintendent regarding his conduct in procuring the exchange of text-books. There was evidence tending to show that the appellant's publication, which he claimed was "a true statement of the facts in the case," was provoked by the publication of the first article by the prosecuting witness. Even though this publication by the prosecuting witness was libellous, it furnished no excuse or justification for that made by the appellant. The commission of one crime can be no defence for the commission of another. At the same time, however, the law is well settled that in civil actions for libel the defendant may, in mitigation of damages, show that the publication complained of was provoked by one, relating to the same subject, made by the plaintiff a short time prior to the defendant's publication. Townshend Slander and Libel, sections 414, 415 and 416; Odgers Libel and Slander, p. 306; 4 Wait Actions and Defenses, p. 313. We think that the same rule should apply in criminal cases, and that the first article published by the prosecuting witness should have been admitted in evidence as proper to be considered by the jury in mitigation of punishment. Circumstances of a mitigating character, and which are proper to be considered by the jury in fixing the penalty, may be introduced in evidence by the defendant in a criminal case. *Kistler* v. *State*, 54 Ind. 400; 1 Bishop Crim. Law, sections 948, 949. As the jury in the present case did not assess the lowest penalty prescribed by

statute for the offence of libel, we can not say that the exclusion of the evidence offered by the appellant was harmless.

The court, among other charges, gave the jury the following:

"The defendant has testified in this case. The State could not compel him to testify, but the statute allows him to testify in his own behalf if he choose to do so; and the statute also makes it the duty of the court to tell the jury that the fact that he is the defendant is a matter to be taken into consideration by the jury in determining what weight they will give to his testimony. But that is all there is of that; the jury is to take the fact into consideration, and if, on so doing, the jury is satisfied that his testimony is true, they may give it all the weight due to the testimony of any other witness."

The learned judge *pro tempore*, who presided at the trial, was in error in saying to the jury that the statute made it his duty to tell them that the fact of the appellant being the defendant must be considered by them in determining what weight to give to his testimony. Where, in a criminal case, the defendant declines to testify in his own behalf, the court should instruct the jury that this fact is not to be commented upon, referred to, or in any manner considered by the jury. Section 1798, R. S. 1881. But where the defendant testifies in his own behalf, the statute imposes no duty upon the court to say anything to the jury that may tend to weaken the force of his evidence. If it was the duty of the jury, as a matter of law, to consider the fact that the appellant was the defendant, in weighing his evidence, then it would seem to follow that, as a matter of law, his evidence was entitled to less weight on account of the fact referred to. *Woollen* v. *Whitacre*, 91 Ind. 502. The charge clearly conveyed the idea that as a legal rule of evidence the testimony of the appellant was not entitled to as much weight as that of other witnesses, unless, after considering the fact of his being the defendant, they were still able to give him credit. In other words, the jury must have understood that the fact of the appellant being the defendant cast suspicion upon his evidence, entitling

it to less weight than it would have been entitled to if he had been a disinterested witness. The latter part of the instruction, in any event, must be held erroneous. The jury were informed that, if they were satisfied that the appellant's testimony was true, they might give it all the credit due to the testimony of any other witness. If the jury were satis-·fied that his evidence *was true*, it was their duty to believe and act upon it without reference to other testimony. In such case it would not be merely entitled to the weight due the testimony of any other witness, but would be entitled to full belief, though contradicted by the evidence of other witnesses.

The jury both in criminal and civil cases are the exclusive judges of the evidence. In this they must be left untrammelled by the court's charges. If there is conflict in the evidence, the court may inform them that, as a matter of fact, they may consider the interest of a witness in determining his credibility, but it is error to tell them that such interest *must, as a matter of law*, be considered. It was said, in *Woollen* v. *Whitacre, supra:* "The court may properly say to the jury that, in considering the credibility of a witness, certain things may be considered by them; but it is error for the court to inform the jury, directly or indirectly, that such things must, as a matter of law, be regarded in determining the question of credibility. Whenever the court does so, it invades the province of the jury."

In *Pratt* v. *State*, 56 Ind. 179, it was held to be erroneous to instruct the jury, that, "If the witness is interested in the result of the prosecution, this tends to discredit it." The court said in that case: "It is laid down in this instruction, as a general proposition of law, that where a witness is interested in the result of the prosecution, without regard to the character of the interest, this tends to discredit him as a witness. It is not said that that is a circumstance which the jury have a right to consider and judge of for themselves, in determining the credibility, but they are told, as a matter of law, that that fact does tend to discredit him."

In *Greer* v. *State*, 53 Ind. 420, the trial court had charged the jury as follows: " The defendant has testified in his own behalf. This testimony, however, is subjected to the usual test of credibility, as other interested witnesses. One interested will not, usually, be as honest and candid as one not so." Commenting on the instruction this court said: " We think the court erred in giving the latter part of the charge. The idea is conveyed by the charge, that, in a majority of instances, or as a usual rule, subject of course to exceptions, persons interested will not be as honest and candid as those who are not interested. This may be true, in point of fact, and if so, it is a sad commentary upon the honesty and candor of a majority of mankind. But, if the proposition be true, it is not a legal presumption, but matter of fact, of which the jury were the exclusive judges, and concerning which the court could not, without going out of its province, undertake to instruct them. It was the exclusive province of the jury to determine, from their knowledge of mankind, from the evidence in the cause, and from the appearance and manner of the witness, what credit was due to his evidence, and whether any, and if so, how much, credence should be withheld in consequence of his interest in the cause. It was, in short, the exclusive province of the jury to determine whether one interested would or would not usually be as honest and candid as one not interested." See, also, *Nelson* v. *Vorce*, 55 Ind. 455; *Millner* v. *Eglin*, 64 Ind. 197 (31 Am. R. 121); *Works* v. *Stevens*, 76 Ind. 181; *Fulwider* v. *Ingels*, 87 Ind. 414; *Finch* v. *Bergins*, 89 Ind. 360; *Dodd* v. *Moore*, 91 Ind. 522.

The appellant at the trial admitted the publication complained of. His defence was that it was true. In a criminal prosecution for libel at common law, its truth was no justification. This rule has been generally changed by statute in this country, and in this State by the Constitution. Section 10 of our Bill of Rights provides that, " In all prosecutions for libel, the truth of the matters alleged to be libellous may be given in justification." The appellant's evidence

tended to prove the truth of the alleged libel for which he was prosecuted. This evidence was entitled to such weight as the jury thought proper to give it, in the light of all the facts and circumstances in the case. The jury were the exclusive judges whether these facts and circumstances affected the credibility of the appellant. If the appellant's evidence was entitled to less weight than that of other witnesses, it was so as a fact of which the jury were exclusive judges. It was not so as a matter of law which the jury were bound to consider.

There was error in overruling the appellant's motion for a new trial.

Judgment reversed, with instructions to the court below to sustain the appellant's motion for a new trial.

Filed June 26, 1884.