Filed April 29, 1885.

---

No. 12,156.

## HEDDERICH v. THE STATE.

CONSTITUTIONAL LAW.—*Statutes.*—*Natural Right.*—Whether a statute encroaches upon natural rights of the citizen is a legislative and not a judicial question, and courts can not overthrow a statute upon the ground that it encroaches on natural rights.

Hedderich *v.* The State.

SAME.—*Legislative Power.*—The only limitations upon the power of the Legislature are those imposed by the State Constitution, the Federal Constitution and the treaties and acts of Congress adopted and enacted under it.

SAME.—*Title of Acts of Legislature.*—The title, "An act concerning public offences and their punishment," is sufficiently comprehensive to include all crimes and misdemeanors.

SAME.—*Intoxicating Liquors.*—*License.*—The statute prohibiting the sale of intoxicating liquor between the hours of eleven o'clock P. M., and five o'clock A. M., is constitutional, and applies to licensed retailers of intoxicating liquor.

STATUTES.—*Construction.*—*Judicial Knowledge.*—*Abbreviations.*—Courts judicially know the meaning of abbreviations ordinarily employed and the usual method of computing time.

SAME.—*Time, Computation of.*—Time is reckoned by following the hours forward, and is so reckoned as to make the period a consecutive one, unless there is something in the statute indicating a different method. The provision, "between the hours of eleven o'clock P. M. and five o'clock A. M.," means the period intervening between eleven o'clock night and five o'clock morning of the succeeding day.

SAME.—*Criminal Law.*—A provision in a statute, prescribing a penalty of fine and imprisonment against one who does a designated act, is a sufficient declaration that the prohibited act is unlawful.

SAME.—*Definition of Crime.*—It is sufficient if an offence is so defined as to convey to the mind of a person of ordinary intelligence adequate information of the evil intended to be prohibited.

From the Marion Criminal Court.

*D. Turpie, W. D. Bynum, A. T. Beck* and *J. N. Scott,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The indictment upon which rests the judgment of conviction from which this appeal is prosecuted charges the appellant with the offence of selling a gill of intoxicating liquor to be drank as a beverage, between the hours of eleven o'clock P. M., of the 21st day of January, 1885, and five o'clock A. M., of the succeeding morning.

The validity of the statute prohibiting the sale of intoxicating liquor between the hours of eleven o'clock P. M. and five o'clock A. M. is assailed upon the ground that the Legislature does not possess the power to enact such a law; but

no provision of the Constitution has been pointed out which denies to the Legislature the power exercised in the enactment of this statute. In an argument of signal ability counsel contend that in the enactment of the statute the Legislature transcended its constitutional powers, because the statute encroaches upon the natural rights of the citizen. The argument finds no support from authority and has none in principle. Whether a statute is or is not a reasonable one, is a legislative, and not a judicial, question. Whether a statute does, or does not, unjustly deprive the citizen of natural rights, is a question for the Legislature, and not for the courts. There is no certain standard for determining what are, or are not, the natural rights of the citizen. The Legislature is just as capable of determining the question as the courts. Men's opinions as to what constitute natural rights greatly differ, and if courts should assume the function of revising the acts of the Legislature on the ground that they invaded natural rights, a conflict would arise which could never end, for there is no standard by which the question could be finally determined. But there can be no such unseemly conflict, for there is only one standard for determining the validity of statutes, and that is supplied by the Constitution. In *Pittsburgh, etc., R. W. Co.* v. *Brown,* 67 Ind. 45 (33 Am. R. 73), WORDEN, C. J., said: "If the law is unconstitutional, the courts should hold it void, but upon no other ground can it be disregarded." This court quoted with approval, in *Welling* v. *Merrill,* 52 Ind. 350, from the able opinion in *Sharpless* v. *Mayor, etc.,* 21 Pa. St. 147, the following: "We are urged, however, to go further than this, and to hold that a law, though not prohibited, is void if it violates the spirit of our institutions, or impairs any of those rights which it is the object of a free government to protect, and to declare it unconstitutional if it be wrong and unjust. But we can not do this." The court, in speaking of an argument of a similar character to that advanced in this case, said: "That, however, is not a subject for judicial cognizance; it is not for the court to say that a constitutional law

.shall not have effect, because it is in the judgment of the court unreasonable." *Barton* v. *Mc Whinney*, 85 Ind. 481. One of the ablest of our judges long since said: "The legislative .authority of this State is the right to exercise supreme and .sovereign power, subject to no restrictions except those im-posed by our own Constitution, by the Federal Constitution, .and by the laws and treaties made under it." *Beauchamp* v. *State*, 6 Blackf. 299. This doctrine has been approved time .and again. *Doe* v. *Douglass*, 8 Blackf. 10; *Maize* v. *State*, 4 Ind. 342; *Lafayette, etc., R. R. Co.* v. *Geiger*, 34 Ind. 185, *vide* pp. 198, 202; *Fry* v. *State*, 63 Ind. 552, *vide* p. 559; *Mc-Comas* v. *Krug*, 81 Ind. 327 (42 Am. R. 135); *Campbell* v. *Dwiggins*, 83 Ind. 473, *vide* p. 480; *Mount* v. *State, ex rel.*, ·90 Ind. 29 (46 Am. R. 192).

The question here is not as to the power of the Legislature to absolutely prohibit the sale of intoxicating liquors, but as to the power to regulate the traffic. Counsel have not cited us to any provision of the Constitution denying the power, nor have they brought to our attention a single authority ·construing the Constitution as they claim it should be con-.strued.

It is clear to our minds, both upon reason and authority, that the statute is a valid exercise of the police power vested in the Legislature. In *Morris* v. *State*, 47 Ind. 503, it was .assumed, without question, that the statute restricting the sale ·of liquor between prescribed hours was valid, and that it was within the power of the Legislature to prohibit the sale on .Sunday, on election days, and on legal holidays. We have a great many cases scattered through our reports holding stat-utes prohibiting sales on such days valid, and the principle is the same in those cases as in this, for the undergirding prin-·ciple of all these cases is, that the Legislature may regulate .the retail liquor traffic. The statutes and decisions upon this subject were reviewed in *Harrison* v. *Lockhart*, 25 Ind. 112, :and it was said: "It will be seen, from this rapid view, that .it has not been the policy, either in England or in this country,

to encourage the traffic in intoxicating liquor; but that, in this country, the whole action of the legislative power has been uniformly to limit, restrict, or absolutely prohibit the traffic. With us, from the time almost of our earliest territorial existence to the present moment, that policy has been pursued." The conclusion reached in the case cited was approved in *McAlister* v. *Howell*, 42 Ind. 15. It is not questioned in any of our cases, that the Legislature may regulate the traffic. The farthest that any of the decisions go is to deny the right to absolutely prohibit the manufacture and sale of intoxicating liquors. If we should now deny this power to regulate the retail traffic, we should depart from a long and well established course, and enter upon one not marked out by any principles nor lighted by any decisions. The adjudged cases, so far as we have been able to ascertain, uniformly agree that the Legislature has power to regulate the traffic by prohibiting sales on holidays and election days, and by prescribing the hours within which sales may be made. Judge Cooley cites many cases asserting the power to enact such regulations. Cooley Const. Lim. (5th ed.) 720, n. In the case of *Bertholf* v. *O'Reilly*, 74 N. Y. 509 (30 Am. R. 323), the court said : " The right of the State to regulate the traffic in intoxicating liquors, within its limits, has been exercised from the foundation of the government, and is not open to question. The State may prescribe the persons by whom, and the conditions under which, the traffic may be carried on. It may impose upon those who act under its license such liabilities and penalties as in its judgment are proper to secure society against the dangers of the traffic and individuals against injuries committed by intoxicated persons under the influence of or resulting from their intoxication." In the cases of *Crone* v. *State*, 49 Ind. 538, *Layton* v. *State*, 49 Ind. 229, and *Beardsley* v. *State*, 49 Ind. 240, the constitutionality of the statute was not questioned, although there was much diversity of opinion upon other points, and separate opinions were filed by four of the members of the court.

The title of the statute which contains the provision that this indictment is founded upon is, "An act concerning public offences and their punishment," and we have no doubt that the title is sufficiently comprehensive to include all offences of a public nature. If it does not include all, it does not include any, and if this be true, then it results that we have no general statute defining criminal offences, and the Legislature and the courts have gone far astray in assuming that a valid statute existed; but this is not true, for the title is sufficient under our constitutional requirements.

It is true that the act defining the offence here charged applies to licensed venders, but this does not affect its validity, for a license is not a contract; it is nothing more than the grant of a privilege, and it does not in any wise restrict the exercise of the police powers of the Legislature. *McKinney* v. *Town of Salem,* 77 Ind. 213. But if it were conceded that the license constituted a contract, it would not strengthen appellant's case, for it is established law that the Legislature can not by any act surrender or alienate such a sovereign power as that of the police power of the State. *McKinney* v. *Town of Salem, supra; State* v. *Woodward,* 89 Ind. 110 (46 Am. R. 160).

The statute reads thus: " Whoever shall sell, barter, or give away to be drunk as a beverage, any spirituous, vinous, malt or other intoxicating liquor, upon Sunday, the fourth day of July, the first day of January, the twenty-fifth day of December (commonly called Christmas day), thanksgiving day as designated by proclamation of the Governor of this State or the President of the United States, or any legal holiday; or upon the day of any election in the township, town, or city where the same may be holden; or between the hours of eleven o'clock P. M. and five o'clock A. M.,— shall be fined in any sum not more than fifty dollars nor less than ten dollars, to which may be added imprisonment in the county jail not more than sixty days nor less than ten days." Section 2098, R. S. 1881.

Hedderich v. The State.

The contention, that the clause "between the hours of eleven o'clock p. m. and five o'clock a. m.," only refers to Sundays, holidays, and election days, can not be maintained. The prohibition as to those days is not confined to particular hours, but extends to the entire day. The plain meaning of the statute is that no sales at all shall be made on Sundays, holidays, or election days, and that on other days sales shall not be made within the hours designated. The words of the statute are in the alternative and prescribe different offences, among them that of selling between the hours designated, and this offence is just as complete and distinct as is that of selling on Sunday, or on election days. The indefensible character of counsel's position is readily perceived when it is traced to its necessary logical results, for, conceding the position to be correct, then the statute prohibits the sale of liquor after eleven o'clock at night on Sundays, holidays and election days, but allows it to be sold at all other hours from five a. m. until eleven o'clock p. m. of those days. That the statute was never meant to produce such a result is clear, and it requires no more than a reasonable construction of the language employed to avoid that result. It is not doing violence to the language of the statute to hold that the clause quoted is an interdiction of all sales between the hours designated, and, certainly, it is but carrying into effect the intention of the Legislature to thus hold. We are bound to look to the purpose of the statute, to the necessity for its enactment, and the object it was intended to accomplish. *Hedrick* v. *Kramer*, 43 Ind. 362; *Bell* v. *Davis*, 75 Ind. 314; *Krug* v. *Davis*, 87 Ind. 590, *vide* p. 596. Looking to these considerations, we can not be in doubt as to the legislative intention, and giving to language its usual effect and meaning, we can not doubt that this intention is well and fully expressed.

The statute must have a reasonable construction, and a reasonable construction will make the clause, "between the hours of eleven p. m. and five o'clock a. m.," mean the period intervening between eleven o'clock night, and five o'clock

morning of the succeeding day. Courts judicially know the meaning of the abbreviations employed, and know, also, the usual method of reckoning time. Judicial knowledge is by no means so limited as counsel's theory assumes. Courts do take notice of matters of general knowledge, and it certainly is a matter of general knowledge that the usual method of reckoning time is to follow the hours as they move forward, and to so compute the time as to make the period a consecutive one. Time is not reckoned backward, nor is it divided into separate and fragmentary parts, unless there is something indicating that the ordinary method is not to be pursued. The consecutive hours, reckoning forward in the usual and natural way, are from eleven o'clock post-meridian until five o'clock ante-meridian, and this period necessarily begins in the night and terminates in the morning. We can not do otherwise than hold that the Legislature employed the language found in the statute in its ordinary signification, and when this signification is given it there is no uncertainty, nor, indeed, even obscurity.

What the statute prohibits under penalty of fine and imprisonment is unlawful. It is not necessary that the statute should in express words declare an act to be unlawful; it is enough if it prohibits it under a penalty. Scarcely one among all the statutes defining felonies expressly declares the act forbidden to be unlawful, and no one has ever thought of questioning the validity of convictions under them ; nor, for that matter, has any one until now ever questioned the validity of the section of the statute under immediate discussion so far as it defines the offence of selling on Sundays, election days, and holidays. Its validity has in scores of cases passed unchallenged by court and counsel.

It has been said many times by all the courts of the land, that statutes shall not be overthrown upon the ground that they are unconstitutional or uncertain unless there is no doubt of their infirmity. Legislative enactments are not to be lightly disregarded; it is only in clear cases that courts will

declare them invalid. It is always with reluctance that courts strike down an enactment of the law-making power for any cause. The reasons for this rule are so obvious, and have been so often stated, that it is unnecessary to repeat them. It is not at all difficult to sustain the present statute. No one can be at a loss to ascertain its meaning, nor can any one be misled by its provisions. It regulates the retail liquor traffic, and one of the regulations is, that there shall be no sales of intoxicating liquor between the hours of eleven o'clock P. M. and five o'clock A. M. The violation of this provision is an offence, and no one who can understand the force of language can be put to doubt, nor can any one be misled or entrapped.

It is sufficient if an offence is so defined as to convey to the mind of a person of ordinary intelligence an adequate description of the evil intended to be prohibited, and it is sufficient if this intention is expressed in ordinary language without technical accuracy. Mr. Bishop says : " The language of our statute is, in the greater part, not technical in either sense above explained, but popular; to be understood, therefore, in its common, popular meanings." Bishop Statutory Crimes, section 101.

The language used in the statute before us, taken in its popular meaning, describes an offence, and so describes it that there can be neither obscurity nor confusion. The principle which here applies has been repeatedly declared and enforced by this court. Wall v. State, 23 Ind. 150; State v. Craig, 23 Ind. 185; Burk v. State, 27 Ind. 430; State v. Oskins, 28 Ind. 364; Hood v. State, 56 Ind. 263 (26 Am. R. 21); Evans v. State, 59 Ind. 563; State v. Berdetta, 73 Ind. 185 (38 Am. R. 117).

In several of the cases cited the phraseology of the statute was substantially the same as that in the one now before us, and it was held that the offence was well defined. The resemblance between the statutes acted upon in State v. Craig, supra, and Evans v. State, supra, and that here involved, is

very close, and the principle which those cases establish rules the present.

The trial court did not err in overruling the motion to quash, and the judgment is therefore affirmed.

