GOLDSMITH, comptroller-general, *et al. vs.* THE HOME INSURANCE COMPANY *et al.*

The act of 1869 provides that " Whenever the existing or future laws of any other state of the United States shall require of insurance companies incorporated by this state, and having agencies in such other state, or of the agents thereof, any deposit of securities in such state for the protection of policy-holders, or otherwise, or any payment for taxes, penalties, certificates of authority, license fees, or otherwise, greater than the amounts required for such purposes from similar companies of other states, by the then existing laws of this state, then, and in every such case, all companies of states establishing, or having heretofore established, an agency or agencies in this state, shall be, and are hereby, required to make the same deposit for a like purpose with the comptroller-general of this state, and to pay to said comptroller-general for taxes, fines, penalties, certificates of authority, license fees, and otherwise, an amount

equal to the amount of such charges and payments imposed by the laws of such state upon companies of this state and agents thereof."

*Held*, that this act has no connection with the general tax laws of the state, but simply imposes upon foreign companies as a condition upon which they may do business here, the same burdens in the way of license taxes, etc., as the states of their incorporation may have imposed upon Georgia companies as a condition of their doing business there. Thus construed, the act is a valid, constitutional law, and has not been repealed by the general tax acts passed since.

Constitutional law. Laws. Insurance. Taxes. Comity. Before Judge HILLYER. Fulton county. At Chambers. December 14, 1878.

The general tax act of the state of Georgia for the year 1878, directed that all home and foreign insurance companies should " pay 1 per cent. on all premiums in money or otherwise received by them." The act of 1869 " to regulate insurance business and insurance agencies in the state of Georgia," contained a reciprocal provision, which is fully stated in the decision. The comptroller-general has been in the habit of collecting as taxes, since the passage of the reciprocal law, from New York companies 2 per cent., and from Pennsylvania companies 3 per cent. In 1878 the Home Insurance Company, the Manhattan, the Westchester, the German American, companies incorporated under the laws of New York, and the Franklin, the Fire Association of Philadelphia, and the Insurance Company of North America, all Pennsylvania companies, filed a bill to enjoin the collection of any greater tax than 1 per cent., upon the following grounds :

1. Because said reciprocal law had no application to them, as no Georgia company was engaged in business either in New York or Pennsylvania.

2. Because if the assessment of 2 per cent. on New York companies and 3 per cent. on Pennsylvania companies were taxes, and collectible as such, then the reciprocal law was unconstitutional, as it prescribed a rule of taxation not uniform upon the class taxed.

3. Because if it was sought to regulate insurance business

through the taxing power of the state, the act was further unconstitutional, for the reason that taxation could only be for the purposes of revenue, etc.

The chancellor granted the injunction prayed for, and the comptroller-general excepted.

GARTRELL & WRIGHT, for plaintiffs in error, cited Story on Conflict of Laws, 32–38; 55 Ill., 91; 8 Wallace, 168–181; 10 *Ib.*, 567–578; *Ib.*, 410; 23 N. J., 429; Code, §2848; 1 Bl. Com., 59–60.

JACKSON & LUMPKIN, for defendants, cited as follows: Act of 1869 not apply, Potter's Dwarris, 251, 255; Sedgwick on Stat. and Const. Law, 191, 194. 205, 219 *et seq.*, 251 note, 253. Statute strictly construed (against common right, penal, special, against comity), Sedgwick, 279; 3 Sumner, 384; 8 *Ga.*, 30; 30 *Ib.*, 527; 40 *Ib.*, 637: 3 Otto, 122. Act is repealed, acts 1877, p. 122; const. 1877, par. 3, art. 12; acts 1877, p. 40; const. 1877, art. 7, par. 1 and 2; 28 *Ga.*, 86; 1 *Ib.*, 33. Act unconstitutional, (if a revenue act, title does not cover), const. 1868, art. 3, sec. 4, par. 5; 60 *Ga.*, 404. Not uniform, etc., 13 Grattan, 767; 31 N. J., 531, 543; Cooley's Const. Lim., 496, 499, 502, 515; 11 Mich., 347; Borroughs on Tax., 62; 23 La., 449; 10 La. An., 398; 21 *Ib.*, 434; 24 *Ib.*, 112; 50 *Ga.*, 543; 60 *Ib.*, 598; 42 *Ib.*, 600. Not for constitutional purpose, const. 1868, art. 1, sec. 27; const. 1877, art. 7, sec. 1, par. 1; Borroughs on Tax., 509; Cooley's Const. Lim., 487; Cooley on Tax., 67.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants with a prayer for an injunction upon the allegations contained therein. On the hearing of the application the chancellor, after considering the same, the answer of defendants, and the affidavit filed therewith, granted the injunction prayed for. Whereupon the defendants excepted.

It appears from the record that the comptroller-general of the state claims the legal right to assess and collect by execution, from the plaintiffs located in the state of Pennsylvania, three per cent. on the premiums received, and two per cent. on the premiums received by the complainants located in New York, as a tax due to the state of Georgia for the year 1878, (that being the rate of taxation upon insurance companies in each of those states respectively), the complainants doing business in this state. The comptroller general bases his right to assess and collect the aforesaid tax on the 5th section of the act of 1869, which is as follows:

"Whenever the existing or future laws of any other state of the United States, shall require of insurance companies incorporated by this state, and having agencies in such other state, or of the agents thereof, any deposit of securities in such state, for the protection of policy holders, or otherwise, or any payment for taxes, penalties, certificates of authority, license fees, or otherwise, greater than the amounts required for such purposes from similar companies of other states by the then existing laws of this state, then, and in every such case, all companies of such states establishing, or having heretofore established, an agency or agencies in this state, shall be, and are hereby, required to make the same deposit for a like purpose with the comptroller-general of this state, and to pay to said comptroller-general for taxes, fines, penalties, certificates of authority, license fees, and otherwise, an amount equal to the amount of such charges and payments imposed by the laws of such state upon companies of this state and agents thereof.

"Sec. 6. That all persons violating the provisions of this act shall be liable to indictment, and, on conviction, shall be fined not less than one hundred dollars, nor more than five hundred dollars, at the discretion of the jury and court trying the same."

The act of 1869 is an act "to regulate insurance business and insurance agencies in the state of Georgia," and prescribes the manner in which insurance companies of other states may be allowed to do business in this state, and makes the comptroller-general the agent of the state for that purpose. That act is a valid constitutional law, and has not been repealed. The word "tax," or "taxes," as used in the 5th section of it, has reference to the regulations of other states in allowing foreign companies to do business therein. Some of the states required a license tax to be paid as a con-

dition precedent to a foreign company doing business therein. Whatever was required by the laws of any one state, either the payment of a specified tax, penalty, license fee, certificate of authority, or otherwise, to enable foreign companies to do business in that state, greater than the amounts required by the then existing laws of this state, then the companies of such state seeking to do business in this state, should be required to pay such tax, penalty, license fees, obtain such certificate of authority, or otherwise, as was required by the laws of the state in which said company was located. In other words, whatever burdens were imposed by the laws of any one state upon a Georgia insurance company seeking to do business in that state, the same burdens should be imposed on the insurance companies of that state to enable them to do business in this state. The object and intention of the act of 1869, was to prescribe the terms upon which foreign insurance companies might do business in this state, and not to assess a tax upon said companies to raise revenue for the support of the government of this state. That we have given the proper construction to the act of 1869, is manifested by the repeated action of the general assembly of this state to the last session thereof, in levying a tax of one per cent. on all premiums received by said foreign insurance companies doing business in this state. It is true, the comptroller-general is made the agent of the state under the act of 1869, to regulate insurance business and insurance agencies in this state, in accordance with the provisions of that act, but he had no more power or authority, under that act, to assess and collect a tax against the complainants, as such insurance agent for the state, under the general tax laws thereof, than John Doe would have had if he had been appointed insurance agent for the state, instead of the comptroller-general. The comptroller-general derives his power and authority to assess and collect taxes, and to issue executions therefor, under the general tax laws of the state, and not as the agent of the state to superintend the regulation of insurance business and insurance agencies in

this state under the provisions of the act of 1869.    When foreign insurance companies have been admitted to do business in this state in accordance with the laws thereof, the duty of the comptroller-general, as the tax collecting agent of the state, will be best performed when he shall proceed to assess and collect from such companies the tax imposed on them by the general assembly of the state in the enactment of its general tax laws, and no more.    There was no error in granting the injunction prayed for.

Let the judgment of the court below be affirmed.