STATE *ex rel.* BOOGHER, *Plaintiff in Error,* v. THE NEW YORK LIFE INSURANCE COMPANY.

Insurance: PENALTIES. The penalties prescribed by Wagner Statutes, section 43, page 777, for transacting in this State by foreign compa- nies, the business of life insurance without the requisite certificate, are visited upon the resident agents of such companies, and not upon the companies.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*W. C. Marshall* for plaintiff in error.

The petition states a cause of action.    Wagner's Stat- utes, section 43, page 777, refers generally to all violations of the act.    *State v. Matthews,* 44 Mo. 523;    *State v. Stewart,* 47 Mo. 382.    The last part of the section, " and in case of non-payment of such penalty, the party so offending shall be liable to imprisonment for a period not exceeding six months, in the discretion of any court having cognizance thereof," is utterly void because it is unconstitutional. (a) A *qui tam* action, such as this at bar, is not a criminal, but a civil action.    *State v. Stewart, supra;* Moak's Van Santvoord's Plead., p. 404.    And the judgment when re- covered becomes a debt due by defendant, as in other civil suits.    The additional penalty of imprisonment is in viola- tion of the constitution, which prohibits imprisonment for debt.    Const., art. 2, § 16; *Coughlin v. Ehlert,* 38 Mo. 286; *In re Blair,* 4 Wis. 522.    (b) The last part of the section is, also, unconstitutional, because it authorizes imprison-

ment in the discretion of the court.   Const. 1875, art. 2, §§ 28, 11.   Where part of a statute is unconstitutional, that part should be discarded, and the residue, (if complete in itself, as here,) stands as the law, alone, (*St. Louis v. Griswold*, 58 Mo. 175 ; *Railroad Co. v. State*, 29 Ala. 573,) and the residue of this section, standing as the law, justifies a *qui tam* action against an insurance company which has transacted business without a renewal certificate.   Wag. Stat., p. 775, § 36, and p. 752, § 39.   The word "party" is expressly declared to include corporations, unless the context shows a contrary intent.   R. S., §§ 3124, 5125.   No contrary intent is shown in the context of the first part of the statute.   By this construction, all the parts of the section have full effect.   *Thompson v. Bulson*, 78 Ill. 277.   The broadest effect possible should be given a statute, even though in some parts a contrary intent may appear.   *Burke v. Monroe Co.*, 77 Ill. 610; *U. S. v. Hartwell*, 6 Wall. 385. The answer states no defense, and the demurrer to it should have been sustained.   When penalties have accrued for violation of laws requiring certificates or license to do business, they are not waived by subsequent issue of such license, even though the latter may purport to cover the period when the penalties accrued.   *State v. Pate*, 67 Mo. 488 ; *State v. Hughes*, 24 Mo. 147; *State v. Lipscomb*, 52 Mo. 32 ; *City v. Beckman*, 3 Rich. (S. C.) 385 ; *Elsberry v. State*, 52 Ala. 8.

*Overall & Judson* for defendant in error.

The petition failed to state a cause of action against defendant, and on the demurrer to the answer judgment was properly for defendant on that ground.   The penal provision invoked is not enforceable against a foreign corporation, but against its agents only.   *State ex rel. v. Charter Oak Life Ins. Co.*, 9 Mo. App. 364.   It not only does not appear that the defendant company was situated in the eighth judicial circuit, but it affirmatively appears from

the petition that it was not, and could not be there situated. The defense set forth in the answer was sufficient, and the demurrer to same was properly overruled. It affirmatively appears that the statement and valuation were filed, and the renewal certificate issued, written three months from January 1st, 1878. Section 29, *supra*. Sedgwick on Statutory Law, pp. 193, 200, 201; *State v. Case*, 53 Mo. 246. The time for filing the annual statement is clearly directory. Sedgwick on Statutory Law, p. 316. Under the insurance law the superintendent is made judge of the sufficiency of the statement, as valued, and in him is necessarily vested discretionary power as to the continuance of the company in business pending his determination as to the valuation. The statute is penal, the construction contended for by plaintiff is harsh and unreasonable, and its adoption would defeat the beneficent ends of the statute.

PHILIPS, C.—This is a proceeding instituted by the circuit attorney of the 8th circuit, in the name of the State, to recover of the defendant, a foreign insurance company, the penalties prescribed by the 43rd section, article 3, page 777, Wagner's Statutes, for transacting in this State, the business of life insurance, without the requisite certificate.

The answer, in substance, pleaded that for a number of years the defendant had, through its agent, been continuously engaged in the business of life insurance in this State, and ever since the establishment of the insurance department of the State. That during the time aforesaid, and ever since, it had been perfectly solvent, paid all licenses exacted by the State, and complied with all its local laws respecting such business:

"That on numerous occasions in said period, owing to the time required for the preparation of the tabulated statement of all the business transactions of the defendant during the preceding year, the completion and filing of said annual statement was delayed beyond the period of thirty days, from January 1st following; but that on all such occasions,

the superintendent of the insurance department of the State of Missouri, being satisfied of the continued solvency of said company, and of the preparation of such statement, did acquiesce in, and assent to the continued transaction of its business by this defendant; and that on each occasion, on the filing of said statement, the same was received and accepted as a due compliance with the law by said company, and a renewed certificate of authority to do business thereupon issued to this defendant. That in the year 1878, the completion of the annual statement was thus delayed until the 14th day of March, 1878, and was filed on that day, and that on the 11th day of March, 1878, was filed the valuation of the policies of defendant, according to the laws of Missouri, and that Wm. S. Relfe, the superintendent of the insurance department of the State of Missouri, being as theretofore, satisfied of the continued solvency of this defendant, and of its ability to perform its engagements, did assent to such delay, and its continued transaction of its regular business as theretofore, and did receive and accept the aforesaid statement and valuation, and cause the same to be duly filed as due compliance with the law; and did thereupon, to-wit: On the 22nd day of March, 1878, issue to defendant a renewed certificate of authority, to transact business for the said year of 1878, and defendant states that all taxes, license, fees and charges assessed against this defendant, for said year 1878, and for its continued transaction of its business during all of said year, were duly paid, and that all of defendant's business in this State during said year, was done under the authority, and with the assent of the insurance department of the State."

To this answer the plaintiff demurred. The demurrer being overruled, the plaintiff stood on the demurrer, and after judgment rendered on the pleadings for defendant, the plaintiff appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed. From this the plaintiff has brought the case here on writ of error.

In the case of *State ex rel. v. Charter Oak Ins. Co.*, 9 Mo.

App. 364, the court of appeals held, that the penalties prescribed by the section of the statute in question, are visited upon the resident agents of the foreign company, and not upon the foreign company. The construction therein given to the statute is re-affirmed by that court, in the opinion delivered in this case. After a careful reading of the said opinions, we are satisfied with the conclusion reached by the court of appeals, and, therefore, adopt the opinion, in its conclusions, in this case. We also concur in the opinion delivered by Lewis, J., on the motion for rehearing, as to the construction placed upon the decision in the case of *State v. Matthews*, 44 Mo. 523.

Speaking for myself, I am satisfied that the matters pleaded in defense by the answer herein, constitute a good defense to the action. But as the other point decided is conclusive of this case, it is not deemed necessary to go further in the discussion.

The judgment of the circuit court and of the court of appeals is affirmed. All concur.