No. 13,004.

THE PHENIX INSURANCE COMPANY v. BURDETT.

FOREIGN INSURANCE COMPANIES.—*Right to do Business in this State.*—*Legislative Regulation.*—A State Legislature has authority to prescribe the terms upon which foreign insurance companies may transact business within the State.

SAME.—*Duty of Agents to Retain Money.*—*Constitutionality of Statute.*—Section 4 of the act of December 21st, 1865 (section 3768, R. S. 1881), requiring the agents of foreign insurance companies, when losses occur, to retain moneys of such corporations coming into their possession until the losses are adjusted, or to abide the event of a suit, is constitutional.

From the Fountain Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

ELLIOTT, J.—There is but one question presented by this record. That question is, however, an important one, as it involves, in a general way, the validity of our statutes governing foreign insurance corporations, and especially the fourth section of the act of December 21st, 1865.

It may now be regarded as settled that a State Legislature has authority to prescribe the terms upon which foreign insurance companies may transact business within the State. In *Paul* v. *Virginia,* 8 Wall. 168, the court in discussing the

general subject said, with reference to insurance corporations: "Having no absolute right of recognition in other States, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those States may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest."

In *Ducat* v. *Chicago*, 10 Wall. 410, and *Doyle* v. *Continental Ins. Co.*, 94 U. S. 535, this doctrine is reaffirmed. It had, indeed, been long before explicitly asserted. *La Fayette Ins. Co.* v. *French*, 18 How. 404. In three, at least, of the State courts this principle has been asserted and held to sustain what are commonly called the retaliatory laws. *Goldsmith* v. *Home Ins. Co.*, 62 Ga. 379; *Phœnix Ins. Co.* v. *Welch*, 29 Kan. 672; *People* v. *Fire Ass'n*, 92 N. Y. 311 (44 Am. Rep. 380).

In many other cases the laws have been assumed to be valid without discussion. *Insurance Co.* v. *Brim*, 111 Ind. 281; *Granite State, etc., Ass'n* v. *Porter*, 58 Vt. 581; *Ohio* v. *Moore*, 39 Ohio St. 486; *State* v. *New York L. Ins. Co.*, 81 Mo. 89; *State* v. *Farmers' Ins. Co.*, 15 Ins. L. J. 381; *Ehrman* v. *Teutonia Ins. Co.*, 1 McCrary C. C. 126; *Mutual Benefit L. Ins. Co.* v. *Bales*, 92 Pa. St. 352.

There can, therefore, be no question as to the general right of the Legislature to impose restrictions upon foreign insurance companies, and the only question here is as to the validity of the particular restriction contained in the act of December, 1865. The section of which we are speaking reads thus: "Whenever any loss shall occur of any property insured by any company authorized to take risks under this act, it shall be the duty of the agent by whom the insurance was made, to retain in his possession all moneys belonging

to such company, which may then be or may thereafter come into his possession, until such loss is adjusted and paid: *Provided*, That if suit shall be commenced by the party in-sured, against such company, the agent may deposit in court double the amount mentioned in the policy, to abide the event of the suit; or if the party insured shall not commence suit within ninety days after the agent shall have given written notice to such party that the loss will not be paid, the agent. may thereafter pay over to persons entitled, the moneys of said company; and if any person insured by such company, meeting with a loss, shall notify any other agent of such company thereof, it shall be the duty of such agent to retain all moneys belonging to such company, which may then be, or may thereafter come into his possession, as hereinbefore required of the agent with whom the insurance was effected." Section 3768, R. S. 1881.

With the question of the expediency or policy of this statute, the courts have nothing to do; that is, as has been again and again decided, purely a legislative question. *Eastman* v. *State*, 109 Ind. 278. The statute must stand, unless it is plainly in conflict with some constitutional provision; for if there is doubt as to its constitutionality, the doubt must be resolved in favor of the Legislature. *Robinson* v. *Schenck*, 102 Ind. 307.

We regard the provisions of the statute as an exercise of the authority to require security for the citizens who insure in foreign companies. *Paul* v. *Virginia, supra.* The statute does not take the property of the corporation, but simply requires that it shall be held to abide the event of a suit or for a limited time. There is no taking without process of law. It is true the money may be bound up until a judicial decision is rendered; but, as is shown by the cases to which we have referred, this is a restriction which the Legislature may impose upon foreign corporations who do business within the State. Whether it is wise to do this or not, or whether it is or is not unjust, are questions for the Legislature, not for the

courts. The courts can not interfere. unless there is a violation of some constitutional provision prohibiting the enactment of such a statute. *Beauchamp* v. *State*, 6 Blackf. 299; *Hedderich* v. *State*, 101 Ind. 564 (51 Am. R. 768), and cases cited; Cooley Const. Lim. (5th ed.) 201.

There can be no doubt, under the authorities, that the Legislature may require a deposit as a condition precedent to the right to do business, and nothing more is done by the statute under examination than to require an increase in the security when a loss actually occurs. This, it is obvious, is but an extension of the settled principle.

The cases of *Ames* v. *Port Huron, etc., Co.*, 11 Mich. 139, *Rockwell* v. *Nearing*, 35 N. Y. 302, and *McRae* v. *Hogan*, 39 Wis. 529, are not in point, because the statute does not profess to authorize the taking of any property; it simply requires that money shall be held until a judicial decision can be had. It does not, indeed, deprive the company of the possession of the money, for the possession of the agent is the possession of the principal.

Judgment affirmed.

