The State, *ex rel.* Carr, *v.* The Woodruff Sleeping and Parlor Coach Co.

No. 14,170.

THE STATE, EX REL. CARR, *v.* THE WOODRUFF SLEEPING AND PARLOR COACH COMPANY.

| 114 | 155 |
| 120 | 578 |
| 114 | 155 |
| 128 | 590 |
| 114 | 155 |
| 133 | 82 |

TAXES.—*Sleeping-Car Companies.—Earnings.—Interstate Commerce.—Section 6355, R. S. 1881, Unconstitutional.*—A State has no power to levy a tax. upon the earnings of a sleeping-car company engaged in the business of transporting passengers from one State to another, in the proportion that the distance travelled through the State bears to the entire distance for which fares are received, or otherwise, the matter of interstate commerce being exclusively of Federal jurisdiction. Section 6355, R. S. 1881, is therefore invalid.

From the Marion Circuit Court.

*L. T. Michener*, Attorney General, and *J. H. Gillett*, for appellant.

*A. C. Harris*, *W. H. Calkins* and *O. T. Morton*, for appellee.

ELLIOTT, J.—The relator, as auditor of state, avers in his complaint that the defendant is a corporation organized under the laws of another State; that for more than two years past it has been engaged in the business " of conveying to, from and through the State of Indiana passengers for hire, in sleeping cars, under contracts with railway companies for the transportation of its cars; that, during the year immediately preceding the 1st day of April, 1887, it earned and collected for the transportation of passengers in its cars in this State, and by the transportation of passengers by continuous passage for an entire consideration from other States, into and across this State and other States, a large sum of money, to wit, one million of dollars, of which sum two hundred thousand dollars represented, and was, the proportion which the distance travelled in this State bore to the whole distance paid for; that, notwithstanding the receipt of such money, the defendant has wholly failed to re-

port to plaintiff's relator its receipts, or any part thereof, and has wholly failed to file any report whatever."

The complaint is based upon the following statute:

" Every joint-stock association, company, or corporation, incorporated under the laws of any other State, and conveying to, from, and through this State, or any part thereof, passengers and travellers in palace cars, drawing-room cars, sleeping cars, or chair cars, on contract with any railroad company, or the manager, lessee, agent, or receiver thereof, shall be held and deemed to be a sleeping-car company. Every such sleeping-car company doing business in this State shall, annually, between the 1st day of April, and the 1st day of June, report to the auditor of state, under the oath of an officer or agent of such corporation, the gross amount of all its receipts within or without the State, for fares earned or business done by such company within this State, for the year then next preceding the 1st day of April of the current year; and in computing such gross receipts the same shall be in the proportion that the distance traversed in this State bears to the whole distance paid for. At the time of making such report, such company shall pay into the treasury of the State the sum of two dollars on every one hundred dollars of such receipts. Every sleeping-car company failing or refusing, for more than thirty days after the 1st day of June, to render an accurate account of such gross receipts, as above provided, and to pay the required tax thereon, shall forfeit twenty-five dollars for each additional day such report and payment shall be delayed, to be recovered in an action in the name of the State of Indiana, on the relation of the auditor of state, in any court of competent jurisdiction, and the attorney general shall conduct such prosecution; and such sleeping-car company so failing or refusing shall be prohibited from carrying on such business until such payment is made. All railroad companies in this State, or the persons managing or operating the same, are prohibited from hauling any cars of any sleeping-car company

while so in default, and for each violation of this prohibition shall be liable to pay to the State of Indiana the sum of one hundred dollars, to be recovered in the proper action by the State; and it shall be the duty of the attorney general, at the request of the auditor of state, to prosecute all such suits." R. S. 1881, section 6355.

It is firmly established that a State has power to prescribe the terms upon which a foreign corporation may do business within its territory unless the corporation is engaged in the the business of interstate commerce. If it is not engaged in transacting business of that kind, the State may levy a tax upon its receipts within this State and enforce collection. *Phenix Ins. Co.* v. *Burdett,* 112 Ind. 204; *Doyle* v. *Continental Ins. Co.,* 94 U. S. 535; *Ducat* v. *Chicago,* 10 Wall. 410; *Lafayette Ins. Co.* v. *French,* 18 How. 404; *Goldsmith* v. *Home Ins. Co.,* 62 Ga. 379; *Phœnix Ins. Co.* v. *Welch,* 29 Kans. 672; *People* v. *Fire Ass'n,* 92 N. Y. 311 (44 Am. R. 380).

In the cases referred to this principle is explicitly and strongly asserted, and in many cases it has been assumed without discussion, and applied as a settled rule of law. *Insurance Company, etc.,* v. *Brim,* 111 Ind. 281; *Granite State, etc., Ass'n* v. *Porter,* 58 Vt. 581; *Ohio* v. *Moore,* 39 Ohio St. 486; *State* v. *New York L. Ins. Co.,* 81 Mo. 89; *State* v. *Farmers', etc., Ins. Co.,* 15 Ins. L. J. 381; *Ehrman* v. *Teutonia Ins. Co.,* 1 McCrary, 123; *Mutual Benefit L. Ins. Co.* v. *Bales,* 92 Pa. St. 352.

We can not, therefore, assent to the argument of counsel which assumes that a State may not classify and regulate foreign corporations, even though they are not engaged in the affairs of interstate commerce.

We do affirm, however, that in matters of commerce between the States, the power of the Federal government is exclusive and supreme. The later decisions of the Supreme Court of the United States close the question to us and to all State courts, for it is a Federal question, and on such ques-

tions the decisions of that high tribunal are final.    Its earlier decisions were not harmonious; there was much of conflict and more of confusion, but the later cases have carried the doctrine to the utmost length.    These decisions have much restricted, if, indeed, they have not completely annulled, the police power of the States where interstate questions are involved, and they have, in effect, swept away all State lines.

In a very late case it was said by Mr. Justice BRADLEY, speaking for the court, that " In a word, it may be said, that in the matter of interstate commerce the United States are but one country, and are and must be subject to one system of regulations, and not to a multitude of systems." *Robbins* v. *Shelby Taxing District*, 120 U. S. 489.    Although the chief justice and two of the associate justices, in a vigorous opinion, dissented, the decision is to us as law.    But there are other decisions of that court which, while not going so far as the decision in the case from which we have quoted, go quite far enough to require us to decide that the State has no power to levy a tax upon the earnings of a sleeping-car company engaged in the business of transporting passengers from one State to another.    *Philadelphia, etc., Steamship Co.* v. *Pennsylvania*, 122 U. S. 326; *Western Union Tel. Co.* v. *Pendleton*, 122 U. S. 347; *Wabash, etc., R. W. Co.* v. *Illinois*, 118 U. S. 557; *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196; *Transportation Co.* v. *Parkersburg*, 107 U. S. 691; *Telegraph Co.* v. *Texas*, 105 U. S. 460; *Pensacola Tel. Co.* v. *Western Union Tel. Co.*, 96 U. S. 1; *Welton* v. *State*, 91 U. S. 275.

In the case first cited, one of the points decided in the *State Freight Tax Case*, 15 Wall. 232, was declared to be wrongly decided, and it was held that " a tax upon freights and fares is virtually a tax upon the transportation itself," and this tax no State can levy.    The rule, as established by the recent decisions, which stand as law to us, is thus stated in *Robbins* v. *Shelby Taxing District, supra :* " As before said, the State may tax its own internal commerce; but that does not give it any right to tax interstate commerce."

The attorney general ably and ingeniously argues that the statute is valid, because it is competent for the State to " tax the local occupation of appellant by the measure of its gross receipts for the proportionate amount of travel in this State." But this argument, while not without plausibility, is radically unsound.

Under the law, as authoritatively declared by the court of last resort, no tax, in any form, or for any purpose, can be laid upon interstate commerce. The matter of interstate commerce is a national matter, with which States can in no wise interfere. The jurisdiction of the Federal government absolutely excludes the States from directly or indirectly hampering or taxing commerce between the States.

The claim of the State is also put upon the ground that the appellee can be compelled to pay a tax upon its gross earnings for the privilege of doing a local business in Indiana. This position is untenable. In no event can a corporation, engaged in the business of interstate commerce, be taxed for the privilege of doing business in this, or any other, State. This principle early found a place in our jurisprudence. Much as the highest court of the nation has wavered upon kindred questions, from this principle it has never departed. Indeed, one of the great causes which led to the adoption of our Federal Constitution was the evil produced by the levying of tribute, in the form of taxes, upon the commerce between the States by some of the States under the Articles of Confederation. It is evident that to permit each State to levy taxes upon the earnings of common carriers whose lines of railroad traverse its territory would lead to deplorable results, for, once the power is conceded, then the method of its exercise, the amount of the tax, and like matters, would be within the exclusive control of the Legislature of each State, as neither the Federal nor the State courts could supervise or control their discretion.

The complaint does not aver that passengers were carried from point to point within the State; on the contrary, the

theory of that pleading is that the State may levy a tax upon the gross earnings of the corporation, in the proportion that the distance travelled through this State bears to the entire distance for which fares were received. That theory is unsound, and the complaint bad. It is, however, not the fault of the pleader that the complaint falls, for it is constructed upon the statute as well as a complaint can be constructed. The statute itself is without force. The statute is invalid, because it assumes to tax interstate commerce. It is true that it restricts the amount of the tax to be paid by the corporation to the distance passengers are carried through this State, but that does not relieve it of the objection we have stated, for the tax it assumes to levy is upon interstate commerce, and not upon the internal commerce of the State. A man on his way to the sea-board, who travels through Indiana, is carried in the course of interstate commerce, and not in the course of domestic commerce, and a fare received from him is received in the matter of interstate commerce. A fare thus received no State can tax.

The complaint is bad, and the judgment is affirmed.

Filed March 9, 1888.