Blackmer, Treasurer, *v.* The Royal Insurance Company *et al.*

No. 9893.

BLACKMER, TREASURER, *v.* THE ROYAL INSURANCE COMPANY ET AL.

FOREIGN INSURANCE COMPANIES.—*Retaliatory Statute.—Constitutionality.*— Section 3 of the act of March 3d, 1877 (section 3773, R. S. 1881), regulating foreign insurance companies doing business in this State, and containing provisions of a retaliatory character, is constitutional and valid. *State, ex rel.,* v. *Insurance Company of North America, ante,* p. 257, followed.

SAME.—*City.—Right to Recover Per Cent. of Premiums for Use of Fire Department.*—Neither such section 3 of the act of 1877, nor any other statute of this State, authorizes a city or town to recover from a foreign insurance company, for the use of its fire department, a per cent. of the premiums received from risks taken upon property within the municipality, as provided by the laws of the State where such company was incorporated, or where, being organized abroad, it has its principal agency, as the entire regulation of such companies and the collection of taxes therefrom are committed by the laws of this State to the State officers.

From the Tippecanoe Circuit Court.

*J. R. Carnahan,* for appellant.

*F. M. Finch, J. A. Finch, J. E. McDonald* and *J. M. Butler,* for appellees.

HOWK, J.—In this case appellant, Blackmer, treasurer of the city of Lafayette, on behalf of the fire department of said city, sued the defendants, the Royal Insurance Company of Liverpool, and Edward Groenendyke, agent of such company at said city of Lafayette.

Defendants separately demurred to the complaint herein, upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained by the court below, and to these rulings plaintiff excepted, and, declining to amend, the court adjudged that he take nothing by his suit, and that defendants recover of him their costs.

Plaintiff has appealed, and has here assigned as errors the sustaining of the demurrers to his complaint.

Plaintiff alleged in his complaint that said Royal Insurance Company was duly incorporated under the laws of England for the purpose of taking risks against loss or damage by fire, and had elected to make its place of deposit and establish its principal agency in this country, in the city, county and State of New York; that said insurance company, by its agent and co-defendant, Groenendyke, had been carrying on the business of fire insurance in said city of Lafayette continuously since March 3d, 1877; that said insurance company, by its agents, had received as premiums on insurance against loss or damage by fire, upon property situate within the corporate limits of said city of Lafayette, since March 3d, 1877, and prior to September 1st, 1879, the sum of $10,000; that the city of Lafayette had, under the control of its common council, an organized fire department, which department had no treasurer; that as treasurer of such city plaintiff had authority to collect all moneys due said fire department, for the use and benefit thereof, from insurance companies transacting fire insurance within said city, organized under the laws of any other nation and country, but having their principal place of deposit, and principal agency in the United States for the transaction of business, in another State than the State of Indiana, and not incorporated under the laws of this State.

Plaintiff then set out in his complaint section 3 of the amendatory and supplemental act of March 3d, 1877, regulating foreign insurance companies doing business in this State (section 3773, R. S. 1881), as follows:

"When, by the laws of any other State, any taxes, fines, penalties, licenses, fees, deposits of money or securities, or other obligations or prohibitions are imposed upon insurance companies of this or other States, or their agents, greater than are required by the laws of this State, then the same obligations and prohibitions, of whatever kind, shall, in like

manner for like purposes, be imposed upon all insurance companies of such States and their agents. All insurance companies of other nations, under this section, shall be held as of the State where they have elected to make their deposit and establish their principal agency in the United States."

Plaintiff then averred that the Legislature of the State of New York, on the 19th day of May, 1876, enacted a law entitled "An act to require the payment of certain premiums to the fire departments of cities and incorporated villages by fire insurance companies, not organized under the laws of the State of New York, but doing business therein;" that, by such law, it was provided as follows:

" There shall be paid to the treasurer of the fire department of every city or incorporated village of this State, for the use of such fire department, and when no treasurer of a fire department exists, then to the treasurer of such city or village, who, for the purposes of this act, shall have the same powers as the treasurers of fire departments, on the 1st day of November of each year, by every person who shall act as agent for or on behalf of any individual or association of individuals, not incorporated under the laws of this State, to effect insurance against loss or injury by fire upon property in this State, although such individual or association may be incorporated for that purpose by any other State or country, the sum of two dollars upon the hundred dollars, and that rate upon the amount of all premiums which, during the year or part of a year ending on the last preceding first day of September, shall have been received by such agent or person, or received by any other person for him, or shall have been agreed to be paid for any insurance effected, or agreed to be effected, or promised by him as such agent, or otherwise to be effected, against loss or injury by fire upon property situate within the corporate limits of such city or village."

Plaintiff further averred, that the law last quoted was still in force in the State of New York and applicable to fire

insurance companies of this and other States; that, by said law, there was collectible from fire insurance companies of this and other States the sum of $2 upon the $100, and at that rate upon all premiums which had been received, and had been agreed to be paid, for insurance effected against loss and injury by fire upon property within the corporate limits of the city or incorporated village where such company should transact business within the State of New York; that said tax and fee of two per cent., so imposed by said law of the State of New York was, by that amount, greater than was imposed and required for a like purpose by the laws of this State from insurance companies of other States doing business in this State; that, by reason of the premises, defendants were indebted to the fire department of said city of Lafayette in the sum of $200, being two per centum of the amount of money received and agreed to be paid to said Royal Insurance Company, defendant, for insurance effected and agreed to be effected against loss and injury by fire upon property within the corporate limits of the city of Lafayette, since March 3d, 1877, and prior to September 1st, 1879; and that said sum of money was then due, owing and wholly unpaid. Wherefore, etc.

Two questions are presented for decision by the record of this cause and the error assigned thereon, which may be thus stated, namely: 1. Is section 3 of the amendatory and supplemental act of March 3d, 1877 (section 3773, R. S. 1881), regulating foreign insurance companies doing business in this State, etc., a constitutional and valid law? And 2. Conceding such section 3 to be a constitutional and valid statute, does plaintiff's complaint herein state a case within its purview and within the intent of the law-making power of the State in its enactment?

The first of these questions we examined and decided, in the recent case of *State, ex rel.,* v. *Insurance Co. of North America, ante,* p. 257. In the case cited, we held upon full consideration, as we do here, that such section 3 (section 3773,

*supra*) is not in conflict with any provision of our fundamental laws, State or Federal, but is a constitutional and valid law. *Goldsmith* v. *Home Ins. Co.*, 62 Ga. 379; *Home Ins. Co.* v. *Swigert*, 104 Ill. 653; *Phœnix Ins. Co.* v. *Welch*, 29 Kans. 672; *People* v. *Fire Ass'n, etc.*, 92 N. Y. 311; *Phenix Ins. Co.* v. *Burdett*, 112 Ind. 204.

2. We are of opinion that the second question above stated must be answered in the negative; that the case made by the facts averred in the complaint herein does not come within the scope of such section 3, or within the letter, spirit or intention of any of its provisions. The first valid legislation of this State, in relation to foreign insurance companies, *eo nomine*, was "An act regulating foreign insurance companies doing business in this State; prescribing the duties of the agents thereof, and of the auditor of state in connection therewith, and providing penalties for the violation of the provisions of this act," approved December 21st, 1865. Acts of 1865, Spec. Sess., p. 105, *et seq.* Such foreign insurance companies were not required to pay any taxes, or any money in the nature of taxes, by the provisions of this act. The only moneys which such companies or their agents were required to pay for any purpose by the above entitled act, were certain small fees to the auditor of state for his services under such act. On March 8th, 1873, an act was approved, entitled "An act supplementary and amendatory of an act entitled 'An act to provide for a uniform assessment of property and for the collection and return of taxes thereon,' approved December 21st, 1872." Acts of 1873, p. 205, *et seq.* Section 8 of this latter act reads as follows:

"Section 8. Every insurance company not organized under the laws of this State, and doing business therein, shall, in the months of January and July of each year, report to the auditor of state, under oath of the president and secretary, the gross amount of all receipts received in the State of Indiana, on account of insurance premiums for the six months

last preceding, ending on the last days of December and June of each year, and shall, at the time of making such report, pay into the treasury of the State, the sum of three dollars on every one hundred dollars of such receipts, less losses actually paid within the State."

It will be seen from its provisions that this section of the statute provides for the assessment and payment semi-annually, by foreign insurance companies doing business in this State, of a tax on their premium receipts, less losses actually paid within the State, as revenue for State purposes. It was the first and only statute of this State providing for such taxation, during the period of time covered by plaintiff's alleged cause of action, and continued in force until it was superseded by section 6351, R. S. 1881, which became in force on March 29th, 1881. We have never had any statute which authorized the cities or incorporated towns of this State, or any of their officers, to assess or collect by any form of procedure of foreign insurance companies or their agents, transacting the business of insurance within their corporate limits, any such taxes as those described in the complaint herein. We are clearly of the opinion that plaintiff's pending action is not authorized by any of the provisions of section 3 of the amendatory and supplemental act of March 3d, 1877 (section 3773, *supra*), or by any other statute of this State. Indeed, it is apparent, we think, from the titles of the several acts in relation to foreign insurance companies, and from all the provisions of such acts, that the General Assembly committed, and intended to commit, the entire regulation of such companies, under the law, to the State officers exclusively, and especially the collection of all such taxes as were or might be assessed against such companies, as well under the provisions of such section 3 (section 3773, *supra*), as under those of said section 8, last above quoted.

Our conclusion is, therefore, that the court below committed

no error in sustaining the separate demurrers of the defendants to the complaint herein.

The judgment is affirmed, with costs.

